# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1862.

### JEFFERSON BARTHELOW v. THE STATE.

To constitute the offence defined in article 314 of the Penal Code, making it an offence for an officer in custody of a prisoner after conviction to "willfully" permit him to escape, it must be done knowingly and intentionally by the officer; to warrant a conviction, the jury must be satisfied from the evidence of the existence, in fact, of such guilty knowledge or intention; and it is error on the trial in such a case for the Judge to require the jury to deduce the conclusion of a guilty knowledge as a legal presumption.

An indictment, charging that the defendant "did unlawfully, voluntarily and unjustly permit" a prisoner to escape, does not sufficiently charge the offence defined in article 314 of the Penal Code, making it an offence to "willfully permit" an escape, nor does it sufficiently charge any offence known to the law.

In an indictment upon a statutory offence, though it may not be essential in all cases to use the very words of the statute, and the use of an equivalent word may be sufficient, yet it is always safer to follow the very words of the statute in which the offence has been described by the Legislature.

APPEAL from Cameron. Tried below before the Hon. S. Powers.

Indictment against appellant, Sheriff of Cameron county, for permitting a prisoner in his custody to escape. The indictment

charged that the defendant did "unlawfully, voluntarily and in-juriously" permit and allow the prisoner to escape.

The defendant asked the court to instruct the jury as follows: "You must be satisfied from the evidence whether or not the defendant as Sheriff of the county did on or about the time charged in the indictment willfully permit the prisoner to escape from the jail of the county. If you find this question in the affirmative, you will find the defendant guilty; otherwise, you will acquit him;" which was refused by the court.

The court charged the jury as follows: "If you find from the evidence, that the practice of the deputy, Grace, was to let said prisoner go at large out of the jail at such times and in such manner as that the defendant could by the ordinary discharge of his duty know of such favors or license to said prisoner, then the law will presume such favor or license of his deputy to said prisoner to have been by the sanction, knowledge and permission of the said Sheriff; in other words, the law will, under such circumstances, charge the acts of the deputy as the acts of the defendant."

Verdict and judgment against defendant. Motions for new trial and in arrest of judgment overruled. Appeal by defendant.

*Israel B. Bigelow*, for appellant.

*Attorney-General* for appellee.

WHEELER, CH. J. The indictment appears to have been framed with the view to charge the defendant with the offence defined in article 314 of the Penal Code: that is, the offence of having "willfully" permitted an escape. That manifestly is the offence of which the defendant was found guilty by the jury. To constitute that offence actual knowledge on the part of the accused is essential. An act cannot be said to be willful, which is not knowingly and intentionally done. It must have been the purpose of the accused to permit the prisoner to escape, or it is not a willful escape within the meaning of the Code. And to warrant a conviction the jury must be satisfied from the evidence of the existence,

in fact, of such knowledge and intention, or purpose on the part of the accused. Yet the charge of the court required the jury to deduce the conclusion of a guilty knowledge as a legal presumption, if the evidence satisfied them that the accused, "by the ordinary discharge of his duty" might have known of the escape of the prisoner. Under the charge, the jury were at liberty, and might conceive it their duty to convict the accused of a willful escape, of which they were satisfied that, in point of fact, he had no knowledge. This, we think, is error for which the judgment must be reversed.

But there is another ground of error, on which, as it must be fatal to any future conviction, whatever the evidence upon another trial, we think proper to rest our judgment. That is, that the indictment does not sufficiently charge any offence known to the law.

The Code prohibits under appropriate penalties both the "willfully" and "negligently" permitting of an escape. (Penal Code, art. 314, 317.) But the indictment describes neither offence by the use of the words which the Legislature have employed for that purpose, and which, therefore, are the appropriate words to describe and define the offence. In an indictment upon a statutory offence, though it may not be essential in all cases to use the very words of the statute, and the use of an equivalent word may be sufficient; yet it is always safer to follow the very words of the statute in which the offence has been defined by the Legislature, as none others can be so apt and appropriate to convey their meaning. Here the statute uses the word "willfully," and the pleader has seen proper, in framing the indictment upon this statute, to substitute the words "unlawfully, voluntarily and unjustly." "Voluntarily" and "willfully" may be used in the same sense. But the language of the code is required to be understood in its ordinary and popular acceptation; and we are not satisfied that in the ordinary and popular acceptation of the terms, they are synonymous, or that the former word is equivalent in meaning to the latter. We think the word "willfully," which the Legislature have employed, more certainly conveys their meaning than the several words which have been substituted in the indictment; and we are unwilling to sanction so unnecessary a departure

from the plain language of the statute. We are of opinion, therefore, that the court erred in overruling the motion in arrest of judgment.

The judgment is reversed, and the cause will be remanded to enable the District Attorney to prefer a new indictment, if he shall see proper.

Reversed and remanded.