THE STATE v. WILLIAM STALLS.

1. Indictment under Article 2351, Paschal's Digest, charged that the defendant "did unlawfully and feloniously, without the consent of the owner, "carry away certain timber from the land of A." *Held*, not to sufficiently charge the offense—"unlawfully" not being equivalent with "knowingly."

2. To constitute the offense described in Article 2351, Paschal's Digest, it is necessary that the trespass should be knowingly committed.

APPEAL from Collin. Tried below before the Hon. W. H. Andrews.

There is no occasion for a statement of the facts.

*William Alexander, Attorney- General,* for the State.

No brief for the appellee has reached the hands of the reporter.

OGDEN, J.   The indictment in this case was attempted to be drawn under Article 2351, Paschal's Digest, and charges that the defendant " did unlawfully and feloniously, without the " consent of the owner, V. H. Allen, carry away certain tim- " ber." The indictment is neither in the language of the statute, nor does it use equivalent language; " unlawfully " is not equivalent to " knowingly," for an act may be knowingly done, and yet not be unlawful, ánd an act may be unlawful, and yet committed in ignorance. This may have been the facts in regard to the act for which the defendant in this case was indicted. He may have owned land immediately adjoining the land of V. H. Allen, and have taken the timber from Allen's land, believing the same to be his. This would have been unlawful, and he might have been held responsible to Allen for damages, but certainly he could not, under our statute, be held criminally liable. The language of the statute shows conclusively that the Legislature intended to except from penalty all acts of ignorant trespass. We are of the opinion that the indictment fails to charge an offense against the laws of the State, and that the court did not err in quashing the same, and that the judgment should be affirmed.

Affirmed.