### THE STATE V. SCIPIO BALDWIN.

A justice of the peace is not liable to indictment for failing to attend the sittings of the county court.

APPEAL from Liberty. Tried below before the Hon. Wm. Chambers.

Baldwin, who was a justice of the peace, was indicted at the February term, 1873, of the District Court of Liberty county, for failing to attend at the regular sessions

of the county court of his county. The indictment was quashed upon the ground that the omission charged did not constitute any offense recognized by law.

WALKER, J.—The indictment in this case was properly quashed. The omission of a justice of the peace to attend the sitting of the county court is not indictable under Article 1975, Paschal's Digest. The judgment of the District Court is affirmed.

AFFIRMED.

## PLACIDO OLIVARI V. S. MENGER ET AL.

1. The order of a military commandant in time of war, after martial law has been declared, requiring an act to be performed by the citizen which is contrary to his inclination, constituted as to such an one a condition of duress, though no threats or demonstrations of violence were used at the time the act was performed.
2. Evidence, in such a case, is admissible of the political views of one pleading duress to show that he stood in such position toward the military authorities as would reasonably make him fear to disobey any military order published.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

Suit brought by Placido Olivari, to recover a piece of ground in the city of San Antonio, and to cancel a deed of conveyance which he alleged he signed under duress, on the tenth of September, 1862. The consideration paid was two thousand dollars in Confederate money, which Olivari accepted, lest, as he alleged, "he should be imprisoned for refusing to take the same."

In June, 1861, Placido Olivari entered into a contract with Simon Menger for a lease of the ground for an indefinite time. Under one of the provisions of the lease, Menger was to have the privilege of purchasing the prop-