JOE THOMAS v. THE STATE.

INDICTMENT FOR ARSON, WHEN SUFFICIENT.—An indictment for arson sufficiently describes the intent with which act of burning was committed, if it alleges the act to have been *willfully* done; and it is not necessary that the indictment should charge, in terms, that the defendant, with intent to burn, set fire to the house and burned the same.

APPEAL from Galveston. Tried below before the Hon. Samuel Dodge.

The opinion states the case.

*Garnett & Garnett,* for appellant.

It will not be questioned that, to constitute the crime of arson, the fire must have been applied with the *design* to burn the building. (See Pas. Dig., art. 2315.) The willful and malicious *design* to burn the house must be distinctly charged in the indictment.

It is the setting fire to a building with *design* to burn it down that constitutes the arson. (See State *v*. Mitchell, 5 Ired., 350; The People *v*. Cotteral, 18 Johns., 115; The People *v*. Orcutt, 1 Park. Crim. Rep., 254; 2 Arch. Cr. Prac. & Plead. by Waterman, 7 ed., note, p. 726.) In criminal pleading, the offense should be charged in words in their primary meaning. The word willful, in its primary sense, does not mean *design* or intention.

In this indictment it is nowhere alleged that Joe Thomas set fire to the building with the *design* or intent to burn the same. And it is submitted that the motion in arrest of judgment should have been sustained.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The defendant was indicted and convicted for willfully burning a church. (Pas. Dig., art. 2309.)

The indictment charged that the defendant a certain church located and described therein "unlawfully, willfully, feloniously, and maliciously did set fire to, and the said house then and there, by such firing as aforesaid, unlawfully, willfully, feloniously, and maliciously did burn."

It is objected to this indictment, on a motion in arrest of judgment, that "the indictment nowhere charges that said defendant, with design or intent to burn said church-house, set fire to and burned the same." The objection was overruled, and, as we think, correctly.

Our statute prescribes that "arson is the willful burning of any house included within the meaning of the succeed-

ing articles of this chapter." (Pas. Dig., art. 2309.) A church is one of the houses specified in the chapter. (Art. 2313.)

The indictment charges the intent as prescribed in the definition of the offense, which certainly is sufficient. But it goes further, if it were necessary, and charges the act to have been done maliciously, which fully embraces the idea of an unlawful, evil design in doing the act.

In a case where the house was set fire to, but not consumed, as in the case of a prisoner in jail, a question might arise as to whether the act was done with the intent to escape by a partial burning, and not to burn up the house, or if, as contemplated in art. 2315, the fire is not set directly to the house, but to something which may cause it to reach the house, then the design with which the fire was set becomes an important fact of inquiry. In such a case the burning might be willful to the extent designed without its being a "willful burning" of the house, as contemplated by our statute. No such question arises in this case, there being no statement of facts. Such a question could only arise upon the facts and charge of the court, unless we could require arson to be described in the indictment to be a burning with a different intent than that contained in its statutory definition.

In one of the authorities referred to by appellant's counsel there is an expression as to the meaning of the word "willful" in connection with the charge of arson, where a prisoner had set fire to the lock on the door of the jail, which would seem to attach a more restricted meaning to it than was evidently given to it in our statute. (The State *v.* Mitchell, 5 Ired. Law Rep., 350.) In that case the jail was not consumed with fire, though the lock was set fire to. The defendant had been convicted under a charge of the court, which instructed the jury that if the defendant willfully set fire to the jail, it was immaterial whether the defendant intended to burn down the

house or not. This was said to be erroneous, because their statute required the burning to be "willful and malicious" to constitute arson, and the charge of the court did not embrace the malicious as well as the willful intent.

But had their statute contained only the word "willful," as ours does, the court might well have reached the same result, by holding that the willfully burning the lock of the door of the house, to make an escape from it only, is not a willful burning of the house, as generally understood and contemplated in the law of arson, if the evidence showed that the act was done with the specific intent to make a hole out of which to escape, and not to burn the house down.

AFFIRMED.