## The People of the State of Illinois, Defendant in Error, v. Melvin Lester, Plaintiff in Error.

### Gen. No. 22,717.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed July 2, 1917.

### Statement of the Case.

Information by the People of the State of Illinois, plaintiff, against Melvin Lester, defendant, on the charge of being a vagabond. To reverse a sentence of imprisonment for six months in the house of correction, defendant prosecutes this writ of error.

GEORGE W. BLACKWELL, for plaintiff in error.

MACLAY HOYNE, for defendant in error; JOHN F. CASHEN, JR., of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. CRIMINAL LAW, § 502*—*when information presumed to be sufficient.* In the absence of a motion, preliminarily made, to quash an information, after judgment, it will be presumed on review that the information was sufficient in law, unless it appears from the information itself that it failed to charge defendant with the commission of a crime.

2. VAGRANCY, § 4*—*when information is sufficient.* An information which charged that defendant heretofore, to wit, on the 18th day of October, A. D. 1915, at the City of Chicago, "was an idle and dissolute person" and "was habitually neglectful of his employment and calling, and did not lawfully provide for himself and for the support of his family"; that he "was an idle and dissolute person

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and neglected all lawful business, and did habitually misspend his
time by frequenting houses of ill fame, gaming houses and tippling
shops, without giving a good account of himself," and that he was
a "thief, having no lawful means of support, and is habitually
found prowling around crowded thoroughfares and lounging about,
and found in houses of ill fame, gambling houses and tippling
shops," contrary to the statute, etc., *held* sufficient to charge de-
fendant with vagabondage and to inform him of the nature and
quality of the charge, even though defendant is termed a vagrant
in the information.

# Gideon A. Price, Plaintiff in Error, v. George J. Marie and Katherine Marie, Defendants in Error.

## Gen. No. 22,979.

1. JUDGMENT, § 286*—*what is ground for vacation of.* Where, on
a motion to vacate a judgment, the return of the sheriff on the *pluries*
writ issued against the defendant shows that it had not been served
upon him, it is the duty of the court to vacate the judgment.

2. JUDGMENT, § 196*—*when is valid against one of two defend-
ants.* A judgment against one of two defendants in an action on.
a promissory note is valid although it is also against his codefend-
ant, of whom the court had not jurisdiction because of lack of
service.

3. JUDGMENT, § 80*—*what constitutes laches in moving to vacate
default judgment.* A delay of more than a year and a half on the
part of a defendant who had defaulted after pleading to the action
in moving to vacate the default judgment is such laches as will
preclude relief being afforded him.

4. PLEADING, § 232*—*what does not affect discretion of trial
court to allow amendments.* The discretion of the trial court to
allow amendments to pleadings is in no way curtailed because one
of the parties is not personally or by counsel before the court.

5. PLEADING, § 258*—*when defendant cannot complain of amend-
ment increasing ad damnum.* Defendant cannot complain on the
ground of surprise of the action of the court in allowing an amend-
ment increasing the *ad damnum* in an action on a promissory note,
where it appeared from plaintiff's statement of claim that there

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.