## M. Morris v. The State.

No. 6903.　Decided December 13, 1922.

**1.—Intoxicating Liquor—Indictment—Knowingly.**

Where, upon trial of a violation of the intoxicating liquor law, the indictment charged that the defendant did then and there keep and was interested in keeping a building, room and place, used for the purpose of selling spirituous, vinous and intoxicating liquor and malt liquors and medicated bitters, capable of producing intoxication, omitting the allegation that he did so knowingly, the same was bad on motion to quash.

**2.—Same—Indictment—Rule Stated—Guilty Knowledge.**

Where the act charged in the offense does not necessarily imply a guilty knowledge, and where such knowledge is the substantive ingredient of the offense, the indictment should allege that the act was knowingly done, especially where the statute requires this. Following Simon v. State, 31 Texas Crim. Rep., 187, and other cases.

**3.—Same—Requested Charge—Circumstantial Evidence.**

Where, upon trial of keeping a building, etc., for the purpose of selling intoxicating liquors, the State relied upon the inference deducible from the facts proved, the court should have submitted the requested charge on the law of circumstantial evidence, and a refusal thereof is reversible error. Following Miller v. State, 225 S. W. Rep., 380.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of violating the intoxicating liquor law; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*P. P. Ballowe* and *A. H. Mount,* for appellant.—On question on charge of circumstantial evidence, Anderson v. State, 213 S. W. Rep., 639; Jordan v. State, 238 Id., 231, and cases cited in the opinion.

On question of insufficiency of the indictment, Boren v. State, 23 Texas Crim. App., 28, and cases cited in the opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for violation of the intoxicating liquor law; punishment fixed at confinement in the penitentiary for a period of three years.

The count in the indictment upon which the conviction rests contains this language:

". . . did then and there keep and was interested in keeping a building, room and place used for the purpose of selling spiritous, vinous and intoxicating liquors and malt liquor and medicated bitters, capable of producing intoxication."

The indictment is attacked upon the ground that it fails to charge that the building was "knowingly" kept for the purposes named in the indictment. The statute declares the acts described in the indictment unlawful, and concludes thus:

". . . and any one who knowingly does so shall be guilty of violating this Act and shall be punished accordingly, etc." (See Complete Texas Stat., 1920, P. C., Art. 588¼oo, p. 83.)

The criticism of the indictment appears to be well founded. Where the act charged in the offense does not necessarily imply a guilty knowledge, and where such knowledge is the substantive ingredient of the offense, it is necessary that the indictment contain an averment that the act was "knowingly" done. Wharton's Crim. Proc., 10th

Ed., Sec. 210. Particularly is this true where the statute denouncing the offense expressly requires that the act be "knowingly done." The following cases bear upon the question: State v. Stalls, 37 Texas Reports, 440; Simon v. State, 31 Texas Crim. Rep. 187; Fox v. State, 3 Texas Crim. App., 329; Tynes v. State, 17 Texas Crim. App., 126; Barthelow v. State, 26 Texas, 175; Castle v. State, 23 Texas Crim App., 287. It is conceived that the nature of the act denounced as criminal by the statute in question is not one from which guilty knowledge may be necessarily implied. Moreover, the statute upon which the prosecution rests declares in terms that the act to be criminal must be knowingly done. (See Art. 588¼oo, supra.)

In March, 1921, appellant leased the premises for a year. He was granted permision to assign his lease. This, according to the testimony introduced, was done on October 20, 1921. Holt, his assignee, testified that he had purchased the cold-drink business which appellant had conducted in the building in question. On October 26, 1921, sales of intoxicating liquors were made by persons on the premises, and seven pints of whisky were found there. Appellant on that date was not shown to have been present. Holt also testified that appellant had no interest in the business except that he was to receive part of the money taken in by Holt in the conduct of the business sold to be applied on the unpaid part of the purchase price. He was not present when the sales were made, and there is an absence of direct proof shown as to when or how the seven pints of whisky came upon the premises. The direct evidence, if believed supports the theory of appellant that he had dispossessed himself of the premises before the offense was cimmitted. To overcome this testimony, the State relies upon the inferences deducible from the facts proved, but not upon direct evidence connecting appellant with the commission of the crime. The situation did not warrant the court in refusing appellant's request for an instruction on the law of circumstantial evidence. Miller v. State, 88 Texas Crim. Rep., 77, 225 S. W. Rep., 380, and cases listed therein.

The errors pointed out require a reversal of the judgment. It is so ordered.

*Reversed and remanded.*