# MAY, 1925.

### B. J. JOHNSON v. THE STATE.

No. 9147.    Delivered May 27, 1925.

Rehearing denied State Oct. 25, 1925.

1.—Assault with Prohibited, Weapon—Indictment—Omitting Word "Wilfully"—Held Insufficient.

Where an indictment charges an assault with a prohibited weapon, under Art. 1597 Branch's P. C. and fails to charge that the assault was "wilfully" committed, such indictment is fatally defective. Following Uecker v. State, 4 Tex. Crim. App. 234; Woolsey v. State, 14 Tex. Crim. App. 57. Brinkley v. State, 198 S. W., 940.

2.—Same—Indictment—Disjunctive Allegation—Held Erroneous.

Where a statute sets out the elements of an offense in the disjunctive, the indictment charging the offense should use the conjunctive, the disjunctive word "or" not being a specific allegation of either element of the offense, while the conjunctive word "and" specifically charges both elements.

ON REHEARING.

3.—Same—Indictment—Allegation Insufficient.

The state on motion for rehearing presents that the case of Jordan v. State, 255 S. W., 785 is in conflict with our original opinion in this case. While the word "wilfully" was omitted in the Jordan indictment, the objection to that indictment was on other grounds. If the language there used is misleading that opinion is now modified to conform to our original opinion herein. Distinguishing Jordan v. State, 255 S. W., 735.

Appeal from the District Court of Franklin County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction of an assault with prohibited weapons. Penalty six months in the state penitentiary.

The opinion states the case.

*Wilkinson & Wilkinson, F. B. Candee,* and *J. A. Ward,* for appellant.

*T. C. Hutchings,* District Attorney; *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted and convicted in the district court of Franklin County and his punishment assessed at six months confinement in the penitentiary, for the offense of an assault with prohibited weapons alleged to have been knuckles made of metal or hard substance, upon Edwin Koonce.

The indictment in this case appears to have been based upon section 1597, page 940 of Branch's P. C., which is as follows:

"If any person shall wilfully commit an assault or an assault and battery upon another with *** knuckles made of any metal or made of any hard substance, **** while the same is being carried unlawfully by the person committing said assault, he shall be deemed guilty of an assault with a prohibited weapon and upon conviction shall be punished by a fine not to exceed two thousand dollars or by imprisonment in the county jail not to exceed two years, or by confinement in the penitentiary for not more than five years."

The attorney representing the state, in this instance drew the indictment under the above statute from a form set out by Mr. Branch in his Ann. Statutes, Sec. 1598, which does not embrace the word wilfully used in the article supra, and the learned trial court in overruling said motion to quash said indictment herein mentioned seems to have been governed by the same form.

The appellant moved to quash the said indictment herein upon two grounds; the first because the indictment left out the word "wilful," which appellant contended is an element of the offense attempted to be charged against the defendant; and secondly because said indictment in charging the kind of weapon alleged to have been used by the defendant disjunctively and in the alternative which is insufficient in law to show a violation of said statute. It will be noticed that the indictment supra charges "knuckles made of any metal or hard substance." The court overruled said motion to quash and in granting the bill based thereon states that he followed Branch's P. C. and cases cited thereunder.

We are of the opinion that said indictment is fatally defective in that it omits the word "wilfully" used in the statute supra, and that under the decisions of this court, so far as we have been able to ascertain, this court has always held, where the statute uses the word wilfully, that it is an essential element of the requirement of the statute which should be alleged in the indictment. In Branch's P. C. page 257, Sec. 499, we quote the following:

"If the language of the statute requires the prohibited act to have been "wilfully" done before it constitutes an offense, an indictment drawn on such statute should allege that the act was wilfully done."

Citing Uecker v. State, 4 Texas Crim. App. 234. Woolsey v. State, 14 Texas Crim. App., 57.

In the Woolsey case supra, there was no exception made to the indictment by motion to quash or in arrest of judgment, and the question was raised for the first time upon appeal to this court and Presiding Judge White in passing upon the sufficiency of the indictment uses the following language:

"It is an elementary rule of criminal pleading that the indictment must allege the constituent elements of the offense charged. As will be seen by reference to the article quoted supra, the word wilfully is the word used to characterize the acts intended to be prohibited by the statute. It is made an essential element of the crime, and unless it is alleged the indictment does not charge the offense defined, even though it avers, as does the one before us, in general terms that the acts complained of were contrary to the form of the statute in such cases made and provided. Such an allegation does not supply the deficiency in the description."

We have been unable to find any case overruling the above opinion by Presiding Judge White. In the case of Brinkley v. State, cited by the appellant, 198 S. W., 940, by Presiding Judge Davidson, in commenting upon the same statute under consideration in this case, the following language is used:

"Article 1024a, supra, evidently was intended to create a distinct offense. This is evidenced by the casual reading of the statute. That article provides expressly that, in order to constitute such offense, the person must wilfully commit an assault or an assault and battery upon another with a pistol unlawfully carried, as inhibited by article 475, supra. It will therefore be observed that there must first be an assault, or assault and battery; second, it must be wilfully committed; and, third, by the use of a weapon unlawfully carried, which necessarily carries with it the idea that the weapon must be carried in violation of law."

We think the above authorities clearly show and hold that the learned trial judge was in error in not sustaining the motion to quash the indictment herein because it is not alleged the act was wilfully done.

It is also contended by the appellant that the allegations in the indictment being in the disjunctive conjunction, by using the word "or" instead of "and," that same was defective in that particular. We suggest that in drafting the indictment in such cases it is better to use the conjunction and instead of or.

There are other questions raised on this appeal but from the disposition we make of this case, we deem it unnecessary to consider same. For the reasons above discussed, we are of the opinion that this case should be reversed and that the prosecution dismissed, and it is accordingly so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE—In a motion for rehearing the state calls attention to Jordan v. State, 255 S. W., 735 as a precedent for the form of indictment used in the present case. In Jordan's case no attack was made on the indictment for a failure to allege that the assault was "wilfully" made; but was assailed upon the sole ground that there was no sufficient averment that the instrument with which the assault was committed was being unlawfully carried. This point was decided against the contention, and only upon that issue would the case be controlling. The italicised portion of the opinion on rehearing in that case shows clearly what was in the mind of its writer. If the language there used was broad enough to have mislead the pleader in the present instance the opinion in Jordan's case is modified to conform to the annoucement in our original opinion herein.

We entertain no doubt that the indictment should contain an averment that the assault was committed "wilfully."

The motion for rehearing is overruled.

*Overruled.*