### JOHN MODICA V. THE STATE.

No. 9065. Delivered June 9, 1926.

**1.—Transporting Intoxicating Liquor—Defensive Theory—Failure to Submit in Charge—Reversible Error.**

Where, on a trial for transporting intoxicating liquor, the appellant's defensive theory supported by the evidence, that appellant was in no way concerned in the transportation of the liquor by the negro, in whose possession it was found, should have been submitted affirmatively in the charge of the court. We have many times held that it is reversible error to refuse to submit to the jury the defensive issue raised by the testimony and properly brought to the attention of the court. Following Erwin v. State, 10 Tex. Crim. Rep. 700, and other cases cited.

**2.—Same—Requested Charge—Erroneously Refused.**

Where, on being arrested, appellant stated to the officers who arrested

him, that he knew nothing about the witness, O'Neal's, intent to transport intoxicating liquor in the wagon which appellant let O'Neal have for the purpose of delivering groceries, and not for the purpose of transporting liquor, it was error for the court to refuse appellant's requested special charge presenting this issue. See Menefee v. State, 149 S. W. 138, and other cases cited.

3.—Same—Evidence—Hearsay—Improperly Admitted.

Where, on a trial for transporting intoxicating liquor, the state was permitted to prove by the deputy sheriff that after he had arrested appellant and placed him in jail. he searched the premises of appellant upon information which he had secured from an Italian. This testimony should not have been admitted, as it was clearly hearsay, and the appellant could not in any manner be bound by the undisclosed motives of a prosecuting witness after the alleged offense had been committed.

4.—Same—Witness as Accomplice—Issue Not Raised.

Where it was shown that the officer, after arresting a negro in possession of appellant's wagon containing a large quantity of whiskey, drove said wagon and said negro about two miles to appellant's home, this fact did not raise any issue of the officer being an accomplice, and the court properly refused to so charge the jury.

5.—Same—Accomplice—Failure to Charge On—Error.

Where the evidence raised the issue that appellant was not present and acting as a principal in the transportation of the whiskey, but was absent and advising and encouraging the transportation of same, such fact would constitute appellant an accomplice, and under an indictment charging him as a principal. he could not be convicted, and the court should have submitted this issue in connection with a charge on principals. See Branch's P. C. 347-8, Sec. 682. Burrow v. State, on rehearing, 85 Tex. Crim. Rep. 140.

Appeal from the District Court of Jefferson County. Tried below before the Hon. J. D. Campbell, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty five years in the penitentiary.

The opinion states the case.

*David O'Feil; Howth, Adams & Hart,* and *John T. Kitching* of Beaumont, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Jefferson County for the offense of transporting intoxicating liquor, and his punishment assessed at five years in the penitentiary.

Briefly stated, the record discloses that the deputy sheriff, on

the night of the alleged offense, arrested a negro by the name of O'Neal, who was driving a delivery wagon belonging to the appellant, which contained twenty-three gallons of whiskey. The arrest occurred on a certain street in the city of Beaumont, about two miles from the appellant's store. The officer had the negro drive said wagon back to the store, and in a **few** minutes thereafter arrested the appellant.

It was the contention of the state that the appellant was the owner of said whiskey, and that when the wagon was returned to appellant's store and the negro informed him that he had discharged his part of the work, appellant came out and counted the jugs and bottles of whiskey, made some complaint as to the shortage therein, and drove said wagon about ten feet, and upon observing the approach of the officer, abandoned the wagon and ran into the store, where he was later arrested.

The appellant's contention, and he introduced evidence to that effect, was that one of his customers, a negro, had purchased groceries from him at night after his delivery team had been put up for the day, and insisted that he deliver said groceries to his house on account of the condition of his children, and at the earnest request of said customer he secured the services of the said O'Neal to take his, appellant's, wagon and deliver said groceries at the home of the purchaser; and that he, appellant, knew nothing whatever of the negro's using his team for the purpose of securing and transporting whiskey, and that same was without his knowledge, and that he did not know that the negro had returned with the wagon until the officer arrested him and so informed him, and he denied having gone to the wagon and inspected the whiskey therein, or having any knowledge thereof. This is a sufficient statement of the facts for this opinion.

The appellant complains of the action of the court in refusing to quash the jury panel, and the refusal of the court to grant his first application for continuance, and of the court's overruling said motion for continuance in his absence, and in several instances of the argument of the prosecuting attorney in his closing argument to the jury, which consisted in part of said attorney's criticism of appellant's attorney in objecting to the court's ruling out hearsay testimony, and of the refusal of the court to withdraw such argument from the jury. These matters are not likely to arise upon another trial, and the disposition we have made of this case makes it unnecessary to discuss same at this time, but it might be proper to say, in the

event that said argument of the district attorney should be made upon another trial, as presented in this record, the court should promptly suppress same.

The appellant in several ways complains of the failure of the court to charge on his defense or defensive theory in this case, which was that he knew nothing of the whiskey in the wagon. The appellant's attorney at the proper time and in the proper manner objected and excepted to the court's refusal to submit the defensive theory in his general charge, and prepared and properly presented special charges requesting that appellant's defense be submitted to the jury, as above stated, all of which were refused by the court and bills of exception taken thereto. We think the learned judge fell into error in refusing to submit the appellant's defense to the jury and have them pass upon same. This court has many times held that it is reversible error to refuse to submit to the jury the defensive issues when raised by the testimony and properly brought to the attention of the court. Erwin v. State, 10 Tex. Crim. App. 700; Schmidt v. State, 260 S. W. 848; Arenson v. State, 261 S. W. 787; Smith v. State, 263 S. W. 918; Garcia v. State, 273 S. W. 856.

In bill of exception No. 4 complaint is also made by the appellant to the refusal of the court to submit to the jury the appellant's special charge to the effect that the state having proved on direct examination by its prosecuting witness, Pollock, that when he arrested the appellant the latter told him that he did not know anything about O'Neal's intent to transport intoxicating liquor at the time he let him have his horse and wagon, and if the said O'Neal was using said horse or wagon for the transportation of liquor, he knew nothing about it, and that he had let him have same only for the purpose of delivering groceries and not for the purpose of transporting liquors; that unless the state had shown beyond a reasonable doubt that said statements so made were untrue, to acquit the defendant. We are of the opinion that the court should have given a charge on this issue, and that his refusal to do so was error. Menefee v. State, 149 S. W. 138; Sharpe v. State, 197 S. W. 207; Miller v. State, 229 S. W. 382.

By bill of exception 19 appellant complains of the action of the court in permitting the state to prove by the deputy sheriff that after he had arrested appellant and placed him in jail, he searched the premises of the appellant upon information which he had secured from some Italian. We think this evidence

was inadmissible, and if presented upon another trial, same should be excluded, because it was clearly hearsay and the appellant could not in any manner be bound by the undisclosed motives of the prosecuting witness and his actions after appellant's arrest and after the alleged offense had been committed.

The appellant complains of the refusal of the court to instruct the jury on the law of circumstantial evidence. There is no merit in this contention.

It is also contended by the appellant that the court should have charged the jury that the prosecuting witness, Pollock, by reason of arresting O'Neal and taking the whiskey in possession and having same driven about two miles to appellant's premises, was an accomplice. We are unable to agree with this contention and find nothing in the record authorizing a charge of this kind.

Complaint is made by appellant in bills of exception 5 and 7, and also in objections to the court's charge, to the refusal of the court to charge the law of principals, and to the court's refusal to submit his special charges on the law of accomplices, to the effect that if the jury believed that the appellant was not present and acting with the said O'Neal in the commission of the offense, but was absent and advised, commanded, or encouraged the said O'Neal to commit the alleged offense, he would be an accomplice and should be acquitted; that appellant being indicted as a principal, and the state's testimony tended to support this charge, while upon the other hand the evidence produced by the defendant, if true, was a direct denial of any acts which would constitute him a principal under the law, and which was to the effect that he knew nothing of the transportation of the whiskey or the ownership of same, and that he was not present at any time when said transportation took place and knew nothing of it until informed by the officers. However, the issue was raised by the testimony introduced in this case and was a matter for the consideration of the jury as to whether or not the appellant, if he was not present and participating at the time in the transportation of the whiskey, that he might have advised, commanded, induced, or secured the negro O'Neal to have transported the whiskey, and thereby become an accomplice. We think under the facts of this case that the evidence raised the issue as to the appellant's being an accomplice, and the court should have properly submitted the law applicable to the facts, both on the law of principals and the law of accomplices, and informed the jury that in the event

they should believe from the evidence that the appellant was not present and acting as a principal in the transportation of the whiskey, but was absent and advising and encouraging the transportation of same, that he would be an accomplice, and under the indictment could not be convicted as a principal. The special charges submitted and refused by the court are, we think, rather meager on the law of accomplices, but sufficient to call the court's attention to his failure to cover this phase of the case in his general charge to the jury. For collation of authorities see Branch's Ann. P. C., pp. 347-8, Sec. 682. Burrow v. State, on rehearing, 85 Tex. Crim. Rep. 140, 210 S. W. 805.

For the errors above mentioned we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.