## CARL MOORE v. THE STATE.

No. 12392. Delivered May 1, 1929.

The opinion states the case.

*Rainey & Davidson* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, burglary; penalty, five years in the penitentiary.

The indictment herein is under attack. After charging the burglarious entry of a private residence by appellant, the indictment continues, "with the intent then and there, while unlawfully carrying on or about his person a pistol, to unlawfully make an assault in and upon James Williams with said pistol," etc. The felony

which the pleader was attempting to charge that appellant intended to commit was that denounced by Art. 1151 of the Penal Code, which in part reads as follows:

"If any person shall wilfully commit an assault or an assault and battery upon another with a pistol * * *. while the same is being carried unlawfully by the person committing said assault, he shall be deemed guilty of an assault with a prohibited weapon," etc.

It will be noted that one of the constitutent elements of this offense made so by the terms of the statute just quoted is that the assault must have been "wilfully" committed. The word "wilfully" is omitted altogether in the indictment herein and it is correctly contended, we think, that for this reason said indictment is fatally defective. The exact question was decided in the case of Johnson v. State, 101 Tex. Crim. Rep. 217, and the exhaustive discussion in said case makes any further analysis by us we think unnecessary.

We call attention further to the alternative allegation "unlawfully carrying on or about his person," etc. No attack was made upon the indictment for this reason, but we mention its insufficiency in this respect in case the appellant is again indicted. Branch's P. C. Sec. 967.

Because the indictment is fatally defective in omitting the word "wilfully," the judgment of the trial court is reversed and prosecution ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., not sitting.