CALVIN WOOLEY v. THE STATE.

No. 13389. Delivered April 2, 1930.
Rehearing denied May 7, 1930.
Reported in 27 S. W. (2d) 221.

The opinion states the case.

*Samuel K. Wasaff* of Midland, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

Officers arresting appellant and searching his car, found therein a five gallon keg of whiskey. Officers chased appellant's car some distance and at the time of his arrest, two men ran from the car and escaped. Appellant claims these men without his knowledge or consent had placed the whiskey in the car and that he had transported it without knowing it was there. The Court properly charged this defense.

Appellant complains of the action of the Court in refusing to charge on circumstantial evidence. What has been already stated makes it so plainly a case of direct evidence that we deem it unnecessary to discuss this question.

We have considered other contentions of appellant which appear to us to be of a trivial nature and we do not deem it necessary to consume space in their discussion.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The court's charge was objected to because the jury was not instructed that appellant, having been indicted as a principal, could not be convicted if he was an accomplice only. As supporting his position appellant cites Modica v. State, 105 Tex. Cr. R. 39, 285 S. W. 823. We have again carefully examined the statement of facts and must confess our inability to discover any evidence that even squints at raising the issue, or to discover any similarity between the present case and the one referred to.

The motion for rehearing is overruled.

*Overruled.*