JOE HAM v. THE STATE.

No. 14296. Delivered June 10, 1931.

The opinion states the case.

*J. M. Parker,* of Gorman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Violation of one of the provisions of article 666, P. C., 1925, is the offense; penalty assessed at confinement in the penitentiary for one year and six months.

In the count of the indictment upon which the conviction rests it is charged that the accused "did then and there unlawfully transport a still for the manufacture of intoxicating liquor." The statute declares that it shall be unlawful to "knowingly" transport a still for the manufacture

óf intoxicating beverages. The omission of the word "knowingly" is deemed fatal to the sufficiency of the indictment. The word "knowingly" is one of the essential elements of the offense denounced. When the word "knowingly" is an essential element of the offense, it is necessary that the indictment declare that the criminal act was "knowingly" committed. Such is the announcement in Branch's Ann. Tex. P. C., secs. 498-500. The cases of State v. Stalls, 37 Texas Rep., 440; State v. Arnold, 39 Texas Rep., 75; Tynes v. State, 17 Texas Crim Rep., 127; Morris v. State, 93 Texas Crim. Rep., 99, 245 S. W., 915, are regarded as directly in point. By analogy, those in which the indictment has omitted the word "wilfully" are in point, see Johnson v. State, 101 Texas Crim. Rep., 217, 275 S. W., 714; Moore v. State, 112 Texas Crim. Rep., 414, 16 S. W. (2d) 1089; Woolsey v. State, 14 Texas App., 57; Uecker v. State, 4 Texas App., 234. The word "unlawfully" as used in the indictment is not equivalent to the word "knowingly" as used in the statute. See State v. Stalls, supra, and other cases cited above. One might be unlawfully transporting a still for the manufacture of intoxicating liquor and yet not knowingly doing so. Modica v. State, 105 Texas Crim. Rep., 39, 285 S. W. 823.

The insufficiency of the indictment in the present instance is conceded by the attorney representing the state.

In affirming the case of Clark v. State, 111 Texas Crip. Rep., 384, dealing with an attack upon an indictment for transporting intoxicating liquor, an analysis of the statute was made showing the distinction therein between the offense of transporting intoxicating liquors and the offense of transporting a still. From the opinion we take the following quotation:

"It is obvious that the term 'knowingly' as contained in the statute refers to the words that follow it and not those that precede it. The point was specifically decided against the appellant in the case of Cox v. State, 107 Texas Crim. Rep., 19, 294 S. W., 564."

In this connection, see the case of Morris v. State, supra.

The judgment of conviction is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*