

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

December 23, 1948

Hon. Sam Lee                    Opinion No. V-757
County Attorney
Brazoria County                 Re:  The sufficiency of the sub-
Angleton, Texas                      mitted form of complaint
                                     and the necessity of alleg-
                                     ing that an act was "know-
                                     ingly and willfully" done
                                     to charge a violation of
                                     Article 698b, V. P. C.

Dear Mr. Lee:

        Your request for an opinion is substantially
as follows:

        "In this county, we have many corpora-
    tions, which from time to time, are charged
    with polluting streams.  It has been the cus-
    tom of this office to file on the corporation
    as well as the employee who was in charge of
    the field at the time the pollution occurred.
    It was felt that filing on the corporation
    would be the most effective way of combating
    this situation.

        "I am enclosing herewith a form of com-
    plaint used in filing against the corporation
    and its employee who was in charge of the
    field at the time the pollution took place
    and I would like your opinion as to whether
    or not this complaint is sufficient under
    the existing statute.

        "This complaint has been attacked from
    time to time, but never in the court of crim-
    inal appeals, because the same alleges, 'did
    then and there unlawfully pollute a public
    body of surface water', and did not include
    the words 'Intentionally' or 'knowingly'.

        "My first question, of course, was to
    pass on the sufficiency of the enclosed com-
    plaint and my second question is, do you
    think it necessary to include the words 'in-
    tentionally' or 'knowingly' or should both
    of them or either of them be used in the com-
    plaint?

"Of course, there are many cases in which the State cannot prove that a stream was intentionally or knowingly polluted, but the facts developed will show that the water course or public body of water was polluted because of the negligence of the corporation or its employee.  IN SUCH CASES, IS IT NECESSARY TO ALLEGE THAT THE DEFENDANT DID THEN AND THERE UNLAWFULLY AND NEGLIGENTLY POLLUTE THE BODY OF SURFACE WATER?

"My third question is, in negligent cases, whether or not the word 'negligent' should be used in drawing the complaint.

"In the event that the case is based upon negligence, is the within complaint sufficient or would it be sufficient if the word 'negligently' was included therein or would the various acts of negligence have to be set out and then it pled that such negligence was the proximate cause of the pollution, as in a civil case.

"Is it necessary that in charging a corporation with the offense of pollution, that it be alleged that the corporation committed the offense by and through its agents, servants or employee, or is the method of pleading the same as set forth in the enclosed affidavit sufficient."

Generally, knowledge must be alleged and proved where the statute requires the prohibited act to be done "knowingly" and knowledge of a fact may be essential to a conviction, although the word "knowingly" is not used in the Statute creating the offense, where the language used is such as necessarily to imply that want of knowledge will excuse compliance with a statute. "Knowingly" as used in an enactment making it an offense knowingly to do a particular thing means that the act must have been done with the knowledge of the person charged with the intent to commit the act.  The term is sometimes used as synonymous with "willfully" although the latter word is of more extensive meaning. (12 Tex. Jur. p. 262) See Johnson v. State, 275 S. W. 714; State v. West, 10 Tex. 553.

In the case of Ham v. State, 40 S. W. 2d, 152, the Court stated as follows:

"In the count of the indictment upon

which the conviction rests, it is charged
that the accused 'did then and there unlaw-
fully transport a still for the manufacture
of intoxicating liquor.'  The statute de-
clares that it shall be unlawful to 'know-
ingly' transport a still for the manufacture
of intoxicating beverages.  The omission of
the word 'knowingly' is deemed fatal to the
sufficiency of the indictment.  The word
'knowingly' is one of the essential elements
of the offense denounced.  When the word
'knowingly' is an essential element of the
offense, it is necessary that the indictment
declare that the criminal act was 'knowingly'
committed.  Such is the  announcement in
Branch's Ann. Tex. P. C., §§ 498-500.  The
cases of State v. Stalls, 37 Tex. 440; State
v. Arnold, 39 Tex 75; Tynes v. State, 17
Tex. App. 127; Morris v. State, 93 Tex. Cr.
R. 99, 245 S. W. 915, are regarded as direct-
ly in point.  By analogy, those in which the
indictment has omitted the word 'wilfully'
are in point, see Johnson v. State, 101 Tex.
Cr. R. 217, 275 S. W. 714; Moore v. State,
112 Tex. Cr. R. 414, 16 S. W. (2d) 1089;
Woolsey v. State, 14 Tex. App. 57; Uecker v.
State, 4 Tex. App. 234.  The word 'unlawful-
ly' as used in the indictment is not equiva-
lent to the word 'knowingly' as used in the
statute.  See State v. Stalls, supra, and
other cases cited above.  One might be unlaw-
fully transporting a still for the manufac-
ture of intoxicating liquor, and yet not
knowingly doing so.  Modica v. State, 105 Tex.
Cr. R. 39, 285 S. W. 823."

Article 698b, Vernon's Penal Code, does not
in any manner use the word "knowingly" or "willfully,"
while the Act prior to 698b contained a statement that
"each day such pollution is knowingly caused or permit-
ted shall cause a separate offense." (Art. 698 V.P.C.)

The form of complaint submitted by you is
comparable to the complaint used in the case of Myers
v. State, 184 S. W. 2d, 924.  An examination of the
complaint now on file in the Court of Criminal Appeals,
Austin, Texas, revealed that the words "knowingly, in-
tentionally, willfully and negligently" were omitted
and that the complaint charged an offense in the manner
set forth in the statute.  It is to be noted that the
Court in the above case in its concluding statement said,

"The Court properly overruled the attack made on the complaint." The Court concluded that Section 5 of the Pollution Act needed clarification and this was done by the 49th Legislature, 1945, in H. B. 278.

Many cases passed upon by the Court of Criminal Appeals prior to the opinion rendered in Myers v. State, supra, were predicated upon Article 698 (repealed) V. P. C., which contained the words, "Each day such pollution is knowingly caused or permitted shall constitute a separate offense." It is our opinion that this is the distinguishing feature between the cases rendered under Article 698, V. P. C., and 698b, V. P. C.; that is, if the statute contains the words "knowingly and willfully," then the same must be alleged in the complaint charging such offense; but if the statute is silent as to such words, then there is no necessity for such allegation.

For the construction placed upon Article 698 and 698a, (repealed) V. P. C., see Stephenson v. State, 167 S. W. 2d, 1027; Bell v. State, 99 S. W. 2d 940; Jackson v. State, 93 S. W. 2d 1141.

By virtue of the foregoing authorities, it is our opinion that an offense under Article 698b, V. P. C., need not allege that the same was "knowingly, willfully or negligently" done, but the same should be charged in the language of the statute; that is, that he did throw, discharge, or otherwise permit the same to be done, etc. Further, it is our opinion that the attached complaint is a valid one, and sufficiently charges an offense within the provisions of Article 698b, V. P. C.

SUMMARY

In the absence of a provision to such effect, there is no necessity for the words "willfully, knowingly, and negligently" to be alleged in a complaint to charge an offense under Article 698b, V. P. C., relative to pollution of streams.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By _Burnell Waldrep_
Burnell Waldrep
Assistant

APPROVED:

_Price Daniel_
ATTORNEY GENERAL

BW:bh:jrb