rant, and therefore the search is claimed to be illegal.

The officer testified, in the absence of the jury, that prior to the arrest he had information that appellant was transporting liquor. The court's qualification of the bill of exception raising the point discloses that the trial judge concluded from the evidence that probable cause existed by reason of such information together with the statement of appellant that he had "just a little bit." Such conclusion seems warranted by the evidence.

Moreover, the officer, being a State Highway Patrolman, was charged with the duty of enforcing highway regulations and traffic laws, and upon observing appellant driving at an excessive speed and in a reckless manner on the public highway, it was his right and duty to overtake and arrest him without warrant. The arrest being lawful, the right to search was an incident thereof, and was therefore not illegal. The search being legal, the fruits thereof were admissible in evidence. See Hawley v. State, 107 Tex.Cr.R. 243, 296 S.W. 556; and Linthicum v. State, 134 Tex.Cr.R. 608, 116 S.W.2d 714.

On the trial, the witness Rowland testified that the boxes and containers or lugs offered in evidence contained cans and bottles respectively. Objection being made that none of the lugs and none of the boxes had ever been opened, the trial judge directed the witness to open the boxes and lugs in question. Such action of the judge was well within his province, and we are unable to see how the language of the judge, "In view of that objection Mr. Rowland, you might as well get to work," was prejudicial.

Appellant's bill of exception leveled at certain remarks of the county attorney in his argument to the jury fails to present error, in that the bill fails to show that the remarks complained of, if improper, were not provoked or invited by argument of appellant's counsel. See Sharp v. State, 151 Tex.Cr.R. 637, 210 S.W.2d 174.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

**NEILL v. STATE.**

No. 24423.

Court of Criminal Appeals of Texas.

June 15, 1949.

Rehearing Denied Jan. 18, 1950.

J. Byron Saunders, of Tyler, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

In the exercise of its police power to protect the public health, the Legislature, by Art. 709, P.C., Vernon's Ann.P.C. art. 709, made it unlawful for any person to sell an article of food to which has been added sulphite. The statute is a valid exercise of legislative power.

Appellant stands here convicted of a violation of that statute under an indictment charging that he "did, then and there unlawfully sell to W. A. Welch an article of food, to-wit, meat, to which had been added sulphite." The punishment was assessed at a fine of $100.

The indictment was attacked by motion to quash, because of the absence of an allegation that the appellant knowingly or wilfully sold meat containing sulphite, it being insisted that knowledge or wilfulness is an essential of the offense.

With this contention we do not agree. Under the express provisions of Art. 709, P.C., the sale of an article of food containing sulphite is made unlawful. Neither knowledge nor intent is a part of that offense. Lack of knowledge on the part of the accused that the article of food contained sulphite arises only as a matter of defense under the general statute relating to the defense of mistake of fact. Art. 41, P.C.

Ordinarily, an indictment drawn in the language of the statute creating and defining the offense is sufficient. 23 Tex. Jur., Sec. 34, p. 635. This the indictment did, in the instant case, and it is therefore deemed sufficient.

In support of his contention appellant cites the cases of Vaughn v. State, 86 Tex.Cr.R. 255, 219 S.W. 206, Morris v. State, 93 Tex.Cr.R. 99, 245 S.W. 915, and Ham v. State, 118 Tex.Cr.R. 271, 40 S.W. 2d 152. In those cases, knowledge became an essential element of the offense by reason of the wording of the statute prescribing the penalty.

No such provision is found in Art. 717, P.C. prescribing the penalty for the offense here charged.

The undisputed facts show that appellant was the owner and operator of a meat market in the City of Tyler. He sold to a State pure food inspector a half pound of ground meat which he took from a pan in a meat display box or case in the market. The meat so sold contained a considerable amount of sulphite.

Such facts showed appellant guilty, as charged, and established a prima facie case for the State.

Appellant's defense was a lack of knowledge on his part that the meat contained sulphite.

That defense, which was rejected, the trial court pertinently submitted to the jury in his charge.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.