DAVIDSON, Judge.

The conviction is for a violation of the Pure Food Law, Vernon's Ann.P.C. art. 706 et seq.; the punishment assessed, a fine of $150.

The case of Neill v. State, Tex.Cr.App., 225 S.W.2d 829, is, in all legal aspects, the same as that here presented.

The opinion in that case is here applicable, and reference is made thereto.

For the reasons there stated, the judgment of the trial court is affirmed.

Opinion approved by the Court.

**G. C. CROUCH v. STATE.**
No. 24421.

Court of Criminal Appeals of Texas.
June 15, 1949.

Rehearing Denied Jan. 18, 1950.

Nat Gentry, of Tyler, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The conviction is for a violation of the Pure Food Law, Vernon's Ann.P.C. art. 706 et seq.; the punishment assessed, a fine of $150.

The case of Neill v. State, Tex.Cr.App., 225 S.W.2d 829, is, in all legal aspects, the same as that here presented.

The opinion in that case is here applicable, and reference is made thereto.

For the reasons there stated, the judgment of the trial court is affirmed.

Opinion approved by the Court.

**G. C. CROUCH v. STATE.**
No. 24422.

Court of Criminal Appeals of Texas.
June 15, 1949.

Rehearing Denied Jan. 18, 1950.

Nat Gentry, of Tyler, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The conviction is for a violation of the Pure Food Law, Vernon's Ann.P.C. art. 706 et seq.; the punishment assessed, a fine of $150.

The case of Neill v. State, Tex.Cr.App., 225 S.W.2d 829, is, in all legal aspects, the same as that here presented.

The opinion in that case is here applicable, and reference is made thereto.

For the reasons there stated, the judgment of the trial court is affirmed.

Opinion approved by the Court.

**Ex parte MAGEE.**
No. 24712.

Court of Criminal Appeals of Texas.
Jan. 11, 1950.