People of State of Illinois, Defendant in Error, v. Esther Scholl, Plaintiff in Error.

Gen. No. 9,646.

 Opinion filed October 31, 1949. Released for publication November 28, 1949.

MANUEL M. WISEMAN, of Alton, and JAMES O. MONROE, JR., of Collinsville, for plaintiff in error.

ALVIN H. PETITT, State's Attorney of Jersey County, Jerseyville, for defendant in error.

MR. JUSTCE O'CONNOR delivered the opinion of the court.

This writ of error is prosecuted by the defendant Esther Scholl to reverse a judgment of the county court of Jersey county, adjudging the defendant guilty of the criminal offense of contributing to the dependency and neglect of children.

The defendant was brought before the county court on August 2, 1948 and at that time a purported criminal information was filed against her, reading as follows:

"Comes now F. A. Reisner, State's Attorney in and for the County of Jersey and State of Illinois, in his own proper person, and in the name and by the authority of the People of the State of Illinois, and gives the Court to be informed and understand that on, to-wit: the 30th day of July, 1948, and since that time and up to the present time, in the County of Jersey and State of Illinois, the said Esther Scholl did unlawfully and without any lawful excuse, desert, neglect and refuse to provide for the support and maintenance of her children, Annie Scholl, age seven, and Betty Scholl, age six, said children being then and there under the age of eighteen years and being dependent and neglected in that they are without proper parental care or guardianship, contrary to the form of

8

the statute in such cases made and provided, and against the peace and dignity of the People of the State of Illinois.

F. A. Reisner,
State's Attorney in and for the County of Jersey and State of Illinois.

"State of Illinois, ⎱ ss
County of Jersey, ⎰

"Marjorie McMahan, of lawful age, being first duly sworn, upon her oath deposed and says that she had read the foregoing information and that the same is true.

Marjorie McMahan.

"Subscribed and sworn to by the above-named Marjorie McMahan before me, the undersigned County Clerk within and for the County of Jersey, in the State of Illinois, this 2nd day of August, A.D. 1948.

G. P. Pearce,
(Seal) County Clerk."

The defendant was not represented by counsel and entered a plea of guilty and the court entered an order of conviction of the crime of contributing to the dependency and neglect of children, and sentenced her to the Reformatory for Women at Dwight, Illinois, for a term of one year. Defendant has sued a writ of error out of this court to review the record of conviction. The cause is submitted on the common-law record.

Defendant assigns nine errors, the most important of which is that the information is insufficient and fatally defective in that it does not allege that the offense was done "knowingly or wilfully," but merely states that the offense was committed "unlawfully and without lawful excuse."

To this contention the defendant in error first urges that the insufficiency of the information cannot

9

be raised after trial. There is ample authority in Illinois to support the contention of the defendant that the sufficiency of an indictment or an information can be urged after a plea of guilty and judgment of the court upon a writ of error. *Klawanski v. People,* 218 Ill. 481. The court in that case said: "We see no good reason why advantage cannot be taken of a bad indictment upon writ of error after judgment of the court, the same as could advantage be taken of a bad declaration or faulty bill in equity." The rule laid down in this case has been consistently followed and restated in the cases of *People v. Shaver,* 367 Ill. 339; *People v. Green,* 368 Ill. 242; *People v. Fore,* 384 Ill. 455, and the last expression of the Supreme Court on this subject is contained in *People v. Taylor,* 391 Ill. 11, at page 13, where the court said:

"Defendant first contends that his conviction was void because the indictment is defective in a substantial form. A plea of guilty confesses merely that an accused is guilty in manner and form as charged in the indictment, and where an indictment does not charge a criminal offense in the form prescribed by the common law or the statute, the plea does not waive the right to challenge the sufficiency of the indictment either by a motion in arrest of judgment or, as here, on a writ of error."

The section of the statute under which the information is filed provides in part:

"Any parent, legal guardian or person having the custody of a male under the age of 17 years or of a female under the age of 18 years, who shall knowingly or wilfully cause, aid or encourage such person to be or to become a dependent and neglected child as defined in section 1, or who shall knowingly or wilfully do acts which directly tend to render any such child so dependent and neglected, or who shall knowingly or wilfully fail to do that which will directly tend to

10

prevent such state of dependency and neglect shall be deemed guilty of the crime of contributing to the dependency and neglect of children and on conviction thereof shall be punished by a fine of not more than $200.00 or by imprisonment in the county jail, house of correction or workhouse for not more than one year or both by such fine and imprisonment.''

The information as filed charges: ''the said Esther Scholl did unlawfully and without lawful excuse, desert, neglect and refuse to provide for the support and maintenance of her children.''

Plaintiff in error contends that the absence of the allegation that the act complained of was done knowingly or wilfully renders the information void and that consequently it fails to charge her with a public offense.

The defendant in error, in answer to that challenge, charges that the information in question states the offense substantially in the language of the statute and that the offense was stated plainly enough to be understood.

These contentions present the question: Are the words ''unlawfully and without lawful excuse'' equivalent words for the words ''knowingly or wilfully,'' so as to sufficiently allege scienter.

Defendant in error cites the cases of *People v. Krause,* 291 Ill. 64, and *People v. Lester,* 207 Ill. App. 111, to support its theory. In both of the cases cited all of the necessary elements of the crime charged were included in the informations in question.

■ The general and accepted rule is that an indictment or information charging an offense defined by statute should be as fully descriptive of the offense as in the language of the statute, and should allege every substantial element of the offense, including all conditions or circumstances to constitute the crime

11

and where knowledge and wilfulness is made part of the offense, such must be alleged and proved.

It is thus held in the case of *People v. Barnes,* 314 Ill. 140, where the court held that an indictment under the Illinois Prohibition Act did not sufficiently allege intent to violate the Act where the intent was part of the offense.

Again, in the case of *People v. Martin,* 314 Ill. 110, the court held that an information filed under the Prohibition Act alleging that the defendant did unlawfully have and possess a still, and did unlawfully have and possess intoxicating liquor, was not sufficient in that it did not allege either that the defendant was not authorized by law to possess the liquor or that he possessed the same with intent to violate the provisions of the Act, and that the word "unlawful" as used merely represented the conclusion of the pleader.

We find no Illinois case where an information or indictment omitted the words "knowingly and wilfully" when the same were used in and made part of the statute defining the offense. However, it has been held in other jurisdictions that when the word "knowingly" is an essential element of the offense, the indictment must declare that the criminal act was knowingly committed. *Ham v. State,* 118 Tex. Crim. 271, 40 S. W. (2d) 152, and that the word "unlawfully" as used in indictment for transporting a still was held not to be equivalent to the word "knowingly" used in the statute declaring it unlawful to knowingly transport a still. Vernon's Ann. Pc. art. 666; *Ham v. State, supra;* and that where a statute provides that to constitute an offense the act must be done knowingly an indictment charging the act was done "unlawfully" is insufficient, inasmuch as the word "unlawful" neither comprehends nor is equivalent in meaning to the word "knowingly." *Tynes v. State,* 17 Tex. App. 123, 126.

In the case of *People v. Crump,* 402 Ill. 204, where the defendant was charged with the crime of assault with intent to commit a robbery, the sufficiency of the indictment was challenged because it failed to charge an offense punishable in the penitentiary by its omission of the words "feloniously, unlawfully, maliciously and wilfully." The court held that under a statute in which the words complained of did not constitute part of the statutory definition of the offense they need not be so stated, and the court said:

"Under the authorities of Illinois and other States, the words 'unlawfully, wilfully, feloniously and maliciously' must be stated in an indictment when they constitute part of the statutory definition of the offense but do not need to be stated when they are no part of the statutory offense. (*People v. Connors,* 301 Ill. 112; *People v. Martin,* 314 Ill. 110; 27 *Am. Jur., Indictments and Informations, par. 67.*) We believe the indictment in this case, drawn in the language of the statute, to be sufficient."

██ ██ The question in the *Crump* case is the reverse of that presented in this case, but if it is not necessary to use words in an indictment or information if they are not a part of the statute under which the indictment or information is drawn, it must follow that when a statute is so drawn as to make it necessary that the crime charged must have been committed "knowingly or wilfully," the indictment or information must allege that fact. The words "unlawfully and without lawful excuse" are mere conclusions of the pleader and do not sufficiently allege scienter, and are not equivalent to the words "knowingly or wilfully." The information before us is fatally defective and void, and the conviction and sentence based thereon must be reversed.

13

The other assignments of error presented by counsel in briefs and arguments need not be passed on or decided in view of the above cited error.

The judgment of the county court of Jersey county is reversed.

*Judgment reversed.*