**John Wayne HUGGINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52303.**

Court of Criminal Appeals of Texas.

July 7, 1976.

Stephen E. Gossett, Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., John Tatum and Paul D. Macaluso, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On July 13, 1973, appellant waived trial by jury and entered a plea of guilty before the court to the offense of attempted arson as denounced by Art. 1316, Vernon's Ann. P.C. (1925). Punishment was assessed at three (3) years imprisonment; however, the imposition of sentence was suspended and appellant was placed on probation. One of the terms of appellant's probation was: "(a) Commit no offense against the laws of this or any other State or the United States." On May 12, 1975, the State filed a motion to revoke appellant's probation, alleging that he violated this condition in that: "On the 9th day of May, 1975, in Dallas County, Texas, John Wayne Huggins did then and there unlawfully exercise control over and obtain property, to-wit: drug items of the value of $2.51 from Safeway Store No. 9 without the effective consent of the manager, Don Howard." After a hearing on July 13, 1975, the court revoked appellant's probation.

Appellant's counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. Our surface review of the record convinces us that the issue as to whether or not the indictment for attempted arson is fatally defective [1] and the issue of whether there was sufficient evidence of the want of consent of the store manager to justify revocation deserve analysis.[2] There may well be other grounds which a proper review would show must be treated before this Court could conscientiously decide that this case is wholly frivolous and without merit. Accordingly, without intimating any view on the ultimate resolution or fate of the appeal, the appeal is abated so that counsel might search the record and prepare another appellate brief in this cause.

The appeal is abated.

---

1. The indictment does not allege that arson was attempted "wilfully."

2. See *Sizemore v. State,* 496 S.W.2d 80 (Tex.Cr. App.1973).