**John Wayne HUGGINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52303.**

Court of Criminal Appeals of Texas.

Dec. 8, 1976.

Ernest W. Kuehne, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John Tatum and Paul D. Macaluso, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

---

## OPINION

DALLY, Commissioner.

This appeal from an order revoking probation was first submitted as a wholly frivolous appeal without merit; it was abated for further briefing by both the appellant's counsel and the State. *Huggins v. State*, 538 S.W.2d 136 (Tex.Cr.App.1976).

On appeal from an order revoking probation an original conviction may be collaterally attacked and the judgment set aside if fundamental error was committed. *Ramirez v. State*, 486 S.W.2d 373 (Tex.Cr. App.1972). The original conviction will be set aside in an appeal from an order revoking probation if the indictment was fundamentally defective. *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975). The indictment upon which the appellant's conviction is based is fundamentally defective and requires that the judgment of conviction be reversed.

The appellant's conviction was for attempted arson, a violation of Article 1316, V.A.P.C. (1925), which in pertinent part reads:

"Any person who willfully attempts to set fire to or attempts to burn, . . . buildings, or property such as are mentioned elsewhere in Chapter 1, Title 17 of the Penal Code of 1925 . . . , shall be guilty of an attempt to commit the offense of arson . . ."

The indictment under which the appellant was convicted alleges that the appellant:

". . . did then and there unlawfully set fire to and attempt to burn the house of C. J. Humphries in the city of Dallas, Texas, there situate, . . ."

It is not alleged in the indictment that the appellant acted *willfully* in the attempt to burn the house. Cf. Willson's Criminal Forms (7th ed.), Sec. 1830; 4 Branch's Ann. P.C. (2d ed.) 738, Sec. 2395. *Orato v. State*, 170 Tex.Cr. 514, 342 S.W.2d 108 (1960); *Thomas v. State*, 41 Tex. 27 (1874).

"The essential element of the crime of arson is the willful burning of the building, without which that crime has not been committed. Proof, merely, that the building burned is not sufficient to establish that fact. *Duncan v. State*, 109 Tex.Cr. 668, 7 S.W.2d 79." *Massey v. State*, 154 Tex.Cr.R. 263, 226 S.W.2d 856 (Tex.Cr.App.1950).

An allegation that the offense was committed willfully is necessary when willfulness is an essential element of the crime. 30 Tex.Jur.2d 587, Indictment and Information, Sec. 30.

"If the language of the statute requires the prohibited act to have been 'willfully' done before it constitutes an offense an indictment drawn on such statute should allege the act was 'willfully' done." 1 Branch's Ann.P.C. (2d ed.) 499, Sec. 519.

"It is an elementary rule of criminal pleading that the indictment must allege the constituent elements of the offense charged. As will be seen by reference to the Article quoted [Art. 270, Penal Code], the word 'willfull' is the word used to characterize the acts intended to be prohibited by the statute. It is made an essential element of the crime, and unless it is alleged the indictment does not charge the offense defined, even though it avers, as does the one before us, in general terms the acts complained of were 'contrary to the form of the statute in such cases made and provided.' Such an allegation does not supply the deficiency in the description." *Woolsey v. State*, 14 Tex.App. 57 (1883).

Furthermore, an allegation that an offense was committed unlawfully and willingly instead of willfully is insufficient if the willful doing of the act is an essential element of the offense. *Carter v. State*, 115 Tex.Cr. 614, 27 S.W.2d 821 (1930).

For other cases which hold it is necessary to allege an act was *willfully* done if that is an essential element of the offense see *Uecker v. State*, 4 Tex.App. 234 (1878); *Johnson v. State*, 161 Tex.Cr. 217, 275 S.W. 714 (1925); *Moore v. State*, 112 Tex.Cr. 414, 16 S.W.2d 1089 (1929); *Ham v. State*, 118 Tex.Cr. 271, 40 S.W.2d 152 (1931); *Gonzales v. State*, 122 Tex.Cr. 543, 56 S.W.2d 879 (Tex.Cr.App.1933).

The order revoking probation and the original judgment are reversed and the indictment is ordered dismissed.

Opinion approved by the Court.