## JOSE GARCIA V. THE STATE.

No. 21455. Delivered February 26, 1941.
Rehearing Denied April 2, 1941.

The opinion states the case.

E. P. Lipscomb, of San Antonio, for the appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by indictment with knowingly having in his possession for sale, and keeping for sale, and selling and distributing pamphlets and magazines devoted mainly to the publication of scandals, whoring, lechery, assignations, intrigues between men and women, and immoral conduct of persons, and by the jury convicted and given a penalty of two years in the penitentiary.

There are no bills of exceptions in the record. It seems clear from the facts that appellant had a small news selling place on a public street of the city of San Antonio, and there had in such place of business obscene and lecherous literature of sexual matters, and that he sold to a sixteen year old high school boy two pamphlets describing and picturing sexual intrigues between a man and woman. We are convinced that such pamphlets, which were filed as exhibits and are present in the record, are certainly immoral publications such as are denounced by the statute. Vernon's Ann. P. C., Art. 527. We think the proof is ample to support the allegations in the indictment.

It could serve no useful purpose to set forth in detail the lecherous matters shown in such publications. It is sufficient to say that same represents and set forth immoral conduct between men and women, and our only surprise is as to the leniency of the jury which awarded appellant the lowest penalty.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant, for the first time, takes the position that the indictment is insufficient to charge him with the sale of the alleged obscene pamphlet because it fails to state the name of the person to whom the alleged sale was made, as required by Art. 406, C. C. P., and that therefore the affirmance by this court of the conviction for the offense of selling obscene literature cannot be sustained. If the sale were the only offense charged in the indictment, a very serious question would be presented, but such is not the case. Omitting the formal parts, the indictment reads as follows:

"* * * that on or about the 13th day of May, A. D., 1940, and anterior to the presentment of this indictment, in the

County of Bexar, and State of Texas, Jose Garcia did then and there unlawfully and knowingly have in the possession of him, the said Jose Garcia, for sale and did keep for sale and did sell and distribute a pamphlet and magazine, to-wit, 'Confessions of a Young Venus,' devoted mainly to the publication of scandals, whoring, lechery, assignations, intrigues between men and women, and immoral conduct of persons, etc."

Article 527, P. C., 1925, provides as follows:

"Whoever shall within this State engage in the business of editing, publishing or disseminating any newspaper, pamphlet, magazine, or any printed paper devoted mainly to the publications of scandals, whoring, lechery, assignations, intrigues between men and women and immoral conduct of persons; or shall knowingly have in his possession for sale, or shall keep for sale or distribute or in any way assist in the sale or shall give away any such newspaper, pamphlet, magazine or printed matter in this State shall be confined in the penitentiary not less than two nor more than five years."

It appears to us that the indictment charges several offenses in one count and by reason thereof it would have been subject to a motion to quash on the ground of duplicity, but such a motion was not made; hence the question of duplicity passes out of the case.

The court in his charge submitted the case to the jury upon every offense charged in the indictment, including the defective one charging a sale of the obscene pamphlet. The jury returned a general verdict finding appellant guilty as charged in the indictment and assessed his punishment at confinement in the State penitentiary for a term of two years, the minimum punishment prescribed by law for said offense. Upon said verdict the court adjudged appellant guilty of the offense of sale of an immoral publication. We think in this the learned trial court committed an error because the charge in the indictment of a sale of an immoral publication was totally defective and would not sustain a conviction. However, the charge of knowingly having in his possession for sale and also the charge of keeping for sale and distribution of the obscene pamphlet were sufficient and amply supported by the evidence to justify and sustain his conviction. If the court had applied the verdict to the count charging appellant with knowingly having in his possession for the purpose of sale the obscene literature, the judgment would have found support in the verdict of the jury. Consequently, under Art. 847, C. C. P.,

and the authority of Rozier v. State, 90 Texas Cr. R. 337, the judgment will be reformed so as to adjudge appellant guilty of knowingly having in his possession for the purpose of sale an immoral publication.

The motion for rehearing will be overruled but the judgment and sentence will be reformed in the manner stated.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.