MYLES MICHAEL BENNETT V. STATE.

No. 29,717.   April 9, 1958.

*Robert H. Hughes*, and *Samuel Donosky*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *Ben F. Ellis* and *John J. Orvis*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is keeping for sale immoral literature; the punishment a fine of one dollar.

Article 527, V.A.C.P., under which this prosecution is instituted, provides, in part, as follows:

"* * * shall knowingly have in his possession for sale or shall keep for sale or distribute or in any way assist in the sale or shall give away such newspaper, pamphlet, magazine or printed matter in this State * * *."

By motion to quash, the court's attention was directed to the failure of the information to charge the offense in the terms of the statute in that the word "knowingly" was omitted therefrom. Willson's Criminal Forms, 6th Ed., Sec. 718, citing Garcia v. State, 141 Texas Cr. Rep., 444, 149 S.W. 2d 113, includes the allegation that literature was "knowingly kept for sale." Morris v. State, 93 Texas Cr. Rep. 99, 245 S.W. 915, and the cases there cited are authority for the rule that where a statute denouncing an offense requires that the act be "knowingly" done the indictment should also contain such allegation.

Such holdings are particularly applicable to the case before us here because the facts reveal that the appellant was an employee of a newsstand where approximately two thousand different magazines, as well as newspapers and sundry items, were offered for sale, that the appellant did not order the magazines and because of his hours of work was not present when they arrived or were put in the display stands and was not shown to have ever read the magazines which were introduced in evidence, and because in submitting the case to the jury the court failed, over objection, to require them to find that the appellant *knowingly* kept the magazines for sale.

Because the information does not charge an offense, the judgment is reversed and the prosecution ordered dismissed.