Appellant's motion for rehearing is granted; the affirmance is set aside; and the judgment of the trial court is now reversed and the cause is remanded.

Opinion approved by the Court.

## POWELL v. STATE.

### No. 24502.

Court of Criminal Appeals of Texas.

Feb. 22, 1950.

Irwin & Irwin, Robert C. Benavides, Dallas, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

Appellant's motion for rehearing, having been timely mailed but delayed in reaching this court through no fault of his attorney, is ordered filed, and will be considered.

In his motion, appellant re-urges the matters claimed by him to constitute error, and contends that this court erred in affirming the judgment.

We remain convinced that the complaint and information alleging that the meat in question "contained sulfite" is sufficient under the statute, Art. 709, P.C., Vernon's Ann.P.C. art. 709, making it an offense to manufacture, sell or expose for sale an article of food "to which has been added * * * sulphites".

Necessarily if meat "contains" sulphite then sulphite "has been added," and if sul-

phite "has been added" to meat, then the meat "contains" sulphite. As used, the terms mean the same.

Under the express provisions of Art. 717, P.C., it was not necessary for the State to prove that the act of selling food to which sulphite has been added was knowingly done.

But lack of such knowledge is a defense and, being relied upon by appellant, was properly submitted as such in the court's charge, but rejected by the jury. See Neill v. State, 225 S.W.2d 829 not yet reported [in State Report].

We remain convinced that appellant's bill of exception No. 2 regarding the proffered testimony of Dr. Bass shows no error, and that the judgment was properly affirmed.

Therefore appellant's motion for rehearing is overruled.

Opinion approved by the Court.