## THE STATE V. WILLIAM ARNOLD.

1. An indictment under Article 2351 is fatally defective if it omits to charge that the act of cutting timber on another's land was "knowingly" done.
2. In an indictment for cutting timber on the land of another, the charge, that the act was "willfully" done, does not obviate the necessity of charging that it was "knowingly" done.

APPEAL from Navarro. Tried below before the Hon. F. P. Wood.

*William Alexander, Attorney-General,* for the State.

WALKER, J.—The Attorney-General argues in this case that the word "unlawfully" may take the place in the indictment of the statutory word "knowingly," as used in Article 2351. To use the word unlawfully is to assume a conclusion of law, which can only be done by the act having been done knowingly. The pleader should state the facts from which the court can derive legal conclusions.

It may be very true that the act of cutting timber on another man's land, to be unlawful, must be knowingly done; but we think, nevertheless, a party would be liable in damages for cutting timber upon the land of another, although at the time he cut the timber he might believe the land to be his own. The Legislature has therefore, where the party is to be held guilty of a misdemeanor, required that the act should be perpetrated knowingly, and if knowledge be an ingredient of the offense, which it certainly is, it should be averred in the indictment. We conclude that unlawfully is not the equivalent of knowingly in an indictment framed under Article 2351. The judgment of the District Court in quashing the indictment is therefore affirmed.

AFFIRMED.