Opinion delivered June 9, 1886.

[No. 5003.]

ELDRIDGE BARTLETT *v.* THE STATE.

ASSAULT WITH INTENT TO MURDER —INDICTMENT must allege the specific intent, when such intent is a material fact in the description of the offense to be charged. It is as essential to charge the specific intent as it is to prove it, in cases of assault with intent to murder. See the opinion for an indictment *held* insufficient to charge an assault to murder, because it totally fails to charge the intent.

APPEAL from the District Court of Falls. Tried below before the Hon. Eugene Williams.

The conviction in this case was for an assault with intent to murder one James H. Cluck, in Falls county, Texas, on the eighteenth day of September, 1883. A term of two years in the penitentiary was the penalty assessed against the appellant.

*Oltorf & Harlan, J. W. Stevenson* and *W. Shelton,* for the ·appellant.

· *J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. As set forth in the indictment, the charge is (omitting formal allegations) that defendant "did then

and there, wilfully, feloniously, and of his malice aforethought, make an assault in and upon the person of one James H. Cluck, then and there of his malice aforethought, him, the said Cluck, to then and there murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

Manifestly the object of the pleader was to charge "an assault with intent to murder," but it is equally manifest that he has failed to do so, because he has omitted to charge directly and positively the "*intent.*" "Where a particular intent is a material fact in the description of the offense, it must be stated in the indictment." (Code Crim. Proc, Art. 423; Morris v. The State, 13 Texas Ct. App., 65; Black v. The State, 18 Texas Ct. App., 124; see also Willson's Crim. Forms, No. 357, p. 161, and authorities cited.) It is as essential to allege the specific intent as it is essential to prove it in cases of assault with intent to murder.

Because the indictment in this case is fatally defective, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*