No. 5213.

MYRON CASTLE *v.* THE STATE.

THREATS.—The offense defined by Article 813 of the Penal Code is the "*knowingly* sending or delivering of a threatening letter," etc.; and the appellant in this case was prosecuted under that article. *Held*, that, the information charging that appellant knowingly did threaten to "take the life of Arizona C. Benton, by sending her a threatening letter," etc., it does not charge the offense defined by the statute under which the prosecution was had; wherefore the conviction can not stand. It is not knowingly threatening, but knowingly sending or delivering a threatening letter, which constitutes the offense defined in said Article.

APPEAL from the County Court of Archer. Tried below before the Hon. Robert Kerr, County Judge.

The opinion states the case. The penalty imposed by the jury was a fine of one hundred dollars.

*F. E. Dycus*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction was obtained under a complaint and information which charge that defendant did "knowingly, unlawfully, feloniously and seriously, threaten to take the life of Arizona C. Benton by sending her a threatening letter through the United States mail, in words and figures as follows, to wit, threatening to kill her the said Arizona C. Benton, viz:" and then follows the letter referred to, set forth in *haec verba*.

It is apparent from the record that the county attorney and the trial court regarded the prosecution as brought under Article 813 of the Penal Code. In his charge the judge instructed the jury with reference to that Article and the penalty de-

nounced by it, and there can be no doubt, from the record, that the defendant has been tried and convicted under said Article. This being the case, we are of the opinion that the conviction is erroneous because the information is not a good one under said Article 813. It does not allege that the defendant *knowingly* sent or delivered the letter, but that he "*knowingly,*" etc., did threaten, etc., by sending, etc. It is the *sending or delivering* of a threatening letter *knowingly* that constitutes this offense —not *knowingly threatening.* A person might *knowingly* write a threatening letter, and such letter might reach the person to whom it was addressed, and yet it might not have been *knowingly sent or delivered* by the writer. In such case the offense denounced by Article 813 would not have been committed. (Tynes v. The State, 17 Texas Ct. App., 123; Willson's Crim. Forms, No. 527.)

If this conviction had been had under Article 809 of the Penal Code, we would not, perhaps, disturb it, although the information is not in strict accordance with approved precedents. (Willson's Forms, No. 525, and note.)

Because the defendant has been convicted of an offense with which he is not charged, the judgment is reversed and the cause remanded.

*Reversed and remanded.*