No. 6195.

## J. C. CHANCE *v.* THE STATE.

INDICTMENT OR INFORMATION FOR THEFT is fatally defective if it fails to charge directly that the *taking* of the property was *fraudulent.* Such allegation is not supplied by the subsequent allegations that the taking was with the fraudulent in ent to deprive the owner of the value of the property, and fraudulently to appropriate the same, etc.

Appeal from the County Court of Denton.   Tried before the Hon. S. M. Bradley, County Judge.

This conviction was for misdemeanor theft, and the punishment awarded by the jury was a fine of twenty-five dollars and confinement in the county jail for a period of one month.

The record brings up no statement of facts; nor does the ruling on appeal require a statement of the case.

*Jagoe & Ponder,* for appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE.   Theft is the *"fraudulent taking* of corporeal personal property," etc.   (Penal Code, art. 724.)   An indictment or information for this offense which does not directly charge that the *taking* of the property was *fraudulent* is fatally defective.   A failure to so charge is not supplied by the allegations that the property was taken with the fraudulent intent to deprive the owner of the value of it, and with the fraudulent intent to appropriate, etc.   (Willson's Cr. Stat., sec. 1254.)   In this case the information does not allege that the property was *fraudulently taken,* and the defendant's motion in arrest of judgment based upon such defect should have been sustained; wherefore the judgement is reversed and the prosecution is dismissed.

*Reversed and dismissed.*