## S. J. WAGHALTER V. THE STATE.

No. 16582.    Delivered April 4, 1934.

The opinion states the case.

*M. B. Briggs,* of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of swindling, and his punishment assessed at confinement in the State penitentiary for a term of two years.

This prosecution is based on the Swindling Statute. The appellant in due time filed a motion in arrest of judgment for the following reasons: First, because the indictment failed to charge a violation of the swindling statutes of the State of Texas; second, because the indictment fails to charge the injured party relied on said false and fraudulent statements and representations alleged in the indictment and that he, the said injured party, was induced thereby to part with his said money; nor was it alleged that C. C. Friddle did not get the position as Tick Inspector.

The indictment charges, omitting the formal parts:

That the appellant, "On or about the 9th day of February, A. D. 1933, in the county of Upshur and State of Texas, devising and intending to secure the unlawful acquisition of $200.00, the personal property of R. G. Friddle, and appropriate it to his own use, did then and there unlawfully and fraudulently acquire the title and possession thereof from R. G. Friddle by means of false and deceitful pretenses, devices and fraudulent representations unlawfully, fraudulently, and knowingly made by him to R. G. Friddle, in this

"That he, the said S. J. Waghalter, then and there did falsely pretend and falsely represent to R. G. Friddle that he was in a position and was able to secure for C. C. Friddle, a son of R. G. Friddle, a position with the Livestock Sanitary Commission of Texas at $100.00 per month as Tick Inspector and that he, the said Waghalter, had already made arrangements for said position for the said C. C. Friddle, and if the said R. G. Friddle would pay him, the said S. J. Waghalter, the sum of $200.00, he, the said Waghalter, would guarantee he would secure said positon for said C. C. Friddle, etc. * * * Whereas, in truth and in fact, said Waghalter was not then and there in a position to secure said position for said C. C. Friddle and whereas in truth and in fact said Waghalter had not at said time arranged for

said position for C. C. Friddle, nor was he, the said Waghalter, in a position to honestly and in good faith guarantee to R. G. Friddle that he had already arranged for said position for C. C. Friddle, etc."

An indictment must by direct and positive averments allege the constituent elements of the offense sought to be charged. Every fact necessary to be proved must be alleged. The indictment under consideration fails to charge that C. C. Friddle, the son of R. G. Friddle, did not secure a position as Tick Inspector. It was the coveted position which he sought to obtain for his son through appellant and if he obtained it, then he was not deceived and defrauded. It occurs to us that such an allegation in the indictment was indispensable inasmuch as it was necessary to prove it. Ordinarily, whatever is necessary to be proved must be alleged. Therefore, in the absence of such an allegation in the indictment, the court should have sustained the appellant's motion in arrest of judgment.

We are also of the opinion that the testimony as disclosed by the record is insufficient to warrant the conviction, and in support of the view herein expressed we refer to the case of Whitley v. State, 236 S. W., 470.

For the errors above pointed out, the judgment of the trial court is reversed and the prosecution ordered dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.