## M. J. GREMILLION V. THE STATE.

No. 18628. Delivered December 16, 1936.
State's Rehearing Granted January 13, 1937.

The opinion states the case.

*H. J. Bernard* and *B. L. Palmer,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of violating the liquor laws of this State, and his punishment was assessed at a fine of $100.00.

Appellant's main contention is that the information is insufficient to charge an offense. Omitting the formal parts, the information reads as follows: "that M. J. Gremillion, heretofore on the 15th day of March, A. D. 1936, in said county and State, was then and there authorized by law, under and by virtue of a beer and wine license, being license number 548, said license having heretofore been issued to the said M. J. Gremillion, on the 2nd day of January, A. D. 1936, and being in full force and effect on the date aforesaid, duly issued by J. R. Cline, who was then and there an agent and deputy and employee of J. W. Hall, Tax collector and Assessor of Harris County, Texas, to sell malt liquors and vinous liquors for consumption on premises known as Southern Grill, located at and known as number 811 Gray Avenue, in the City of Houston, Harris County, Texas, and the said M. J. Gremillion, did then and there have in his possession at and near the said premises where said malt liquors and vinous liquor were so authorized to be sold for such purpose, liquor produced by the process of distillation."

Subsection (c) of Section 3, of Article I of Chapter 467, General and Special Laws, Forty-fourth Legislature, Second Called Session, 1935, reads as follows:

"It shall be unlawful for any person who is authorized by law to sell malt or vinous liquors for consumption on the premises where sold, or any person who acts as agent or employee of any person, firm, or corporation authorized to sell malt or vinous liquors for consumption on the premises where sold, to have in his possession, at or near the premises where such malt or vinous liquors are sold for such purpose, any liquor produced by the process of distillation or any liquor containing alcohol in excess of fourteen per cent (14%) by volume."

It is a well recognized rule of pleading that an indictment or information must by direct and positive averments allege all of the constituent elements of the offense sought to be charged. In the instant case there is no averment in the information that appellant was engaged in the business of

selling or offering for sale any malt or vinous liquors to be consumed on the premises where sold. All that is charged in the information is that he, meaning the appellant, had a license or permit to do so. This, we think, is insufficient to charge an offense under the law above quoted for the reason that, in our opinion, the Legislature did not intend to punish a person who had obtained a license authorizing him to engage in the sale of beer and wine at a designated place, but who at no time had sought to exercise the privilege thus granted, although he may have had a bottle of whisky at the designated place. It occurs to us that what the Legislature intended was to prohibit a licensee, who was engaged in selling or offering for sale beer and wine by virtue of a license, from having at or near where he was conducting such business any liquor produced by the process of distillation or which contained alcohol in excess of fourteen (14%) per centum by volume. See Waghalter v. State, 70 S. W. (2d) 420.

Having reached the conclusion that the information upon which the prosecution is based is insufficient to charge an offense, it is, therefore, ordered that the judgment of the trial court be reversed and the prosecution dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State, through the Hon. District Attorney of Harris County, has filed a motion for rehearing suggesting that the prosecution herein was under sub-section (r), Section 15 of the "Texas Liquor Control Act," and not under sub-section (c) as indicated in our original opinion.

We have again examined the two sections referred to, and without setting them out here, are of opinion that the language employed in charging the alleged offense would seem inappropriate if the prosecution was under sub-section (r) of Section 15, but does follow the language found in sub-section (c), and would charge an offense under that section, but for the omission pointed our in our original opinion.

The State's motion for rehearing is overruled.

*Overruled.*