ADAM McCOY v. THE STATE.

No. 18774. Delivered February 24, 1937.

The opinion states the case.

*J. P. Bryan, Furniss Cleveland Davis, W. D. Evans,* and *A. R. Rucks,* all of Angleton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is the offense; penalty assessed at confinement in the penitentiary for two years.

The indictment charges specifically that Adam McCoy "did then and there unlawfully voluntarily and with malice aforethought in and upon M. C. Nash make an assault with the intent then and there to kill and said M. C. Nash against the peace and dignity of the State."

In paragraph 3 of the charge, the court defined assault and battery. In paragraph 4 the meaning of the words "coupled with an ability to commit a battery" was explained to the jury in appropriate language. In paragraph 5 is embraced an approved definition of the term "murder." In paragraph 6 the term "malice aforethought" is defined; and in paragraph 7 "murder without malice" is defined.

Paragraph 8 is in the following language:

"Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant, in the County of Brazoria, and State of Texas, on or about the 26th day of April A. D., 1936, did, with a gun, unlawfully shoot the said M. C. Nash, and that such shooting was done with his malice aforethought, as that term is above defined, then you will find the defendant guilty of assault with intent to murder, with his malice aforethought, and assess his punishment at confinement in the State penitentiary for any term of years not less than two nor more than fifteen years."

Paragraph 9 of the court's charge contains the following:

"If you believe from the evidence beyond a reasonable doubt that the defendant, in the County of Brazoria, and State of Texas, on or about the 26th day of April, A. D., 1936, did, with a gun, unlawfully shoot the said M. C. Nash, but you find that such shooting, if any, was done without malice, then you will find the defendant guilty of assault to murder without malice, and assess his punishment at not less than one nor more than three years confinement in the State penitentiary."

The charge of the court is assailed upon the ground that in none of the instructions mentioned was the jury told that an essential element of assault with intent to murder is the specific intent to kill.

Upon the subject, we take from Ruling Case Law, Vol. 13, p. 798, sec. 102, the following quotation:

"The authorities are agreed on the general proposition that in a prosecution for assault with intent to kill or murder, the specific intent to take life is the gist of the offense. This intent must be charged in the indictment, and must be proven as charged."

From Tex. Jur., Vol. 22, p. 399, sec. 16, we quote:

"An intent to kill is an essential element of murder, and of assault with intent to commit murder."

From the same text, page 631, sec. 127, we take the following quotation:

"An indictment for assault with intent to murder must allege

all the essential elements of the offense in plain and intelligible language. It must allege an assault with intent to murder, committed on some particular date, and must give the name of the person assaulted if known."

Section 128 of the text mentioned contains the following:

"An indictment charging assault with intent to murder must allege facts showing an assault."

Because of the failure of the court to charge the jury that an essential element of an assault with intent to murder is the specific intent to kill, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*