BESSIE TEAL v. THE STATE.

No. 19048.   Delivered May 19, 1937.
Rehearing Denied June 23, 1937.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at a fine of $100.00.

The complaint and information appear regular. The record is before us without statement of facts or bills of exception.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant in her motion for rehearing earnestly contends that we erred in our original opinion in holding that the complaint and information based thereon was sufficient to charge an offense against the law. To support her contention appellant cites us to the case of Gremillion v. State, 100 S. W. (2d) 106. In the instant case it was charged that appellant was authorized to sell malt liquor for consumption on the premises where sold, to-wit: 509 North Chadbourne Street in the city of San Angelo, Texas, and that she did then and there unlawfully have in her possession at and near said premises where said malt liquor was then and there sold for consumption on said premises liquor containing alcohol in excess of fourteen per centum by volume. We deem the same sufficient to charge that appellant was engaged in the business of selling beer at 509 North Chadbourne Street at the time she was found in possession of whisky at said place. In Gremillion v. State, supra, there was no averment in the complaint that appellant was engaged in the sale of beer at a designated place although he had a permit to do so. What we said and intended to say was that a person may have a permit to engage in the sale of beer at a designated place, but unless he exercised the privilege there would not be a violation of the statute under which this appellant was convicted even though he had

a bottle of whisky at said designated premises. It is obvious that the averment in the information in the case under consideration is different from the averment in the Gremillion Case.

We therefore overrule appellant's motion for a rehearing.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.