### D. C. WILKINSON V. THE STATE.

No. 23523. Delivered December 11, 1946.
Appellant's Motion for Rehearing Overruled January 29, 1947.
Appellant's Second Motion for Rehearing Granted March 26, 1947.

*C. O. McMillan,* of Stephenville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is the unlawful sale of an intoxicating liquor containing alcohol in excess of four per centum by weight. The punishment assessed is a fine of $100.00.

The record is before us without any bills of exception or statement of facts.

Appellant, in due time, filed a motion to quash the complaint and information which the court overruled and to which ruling he excepted. We have examined the complaint and information and reached the conclusion that they charge an offense. Of course, we find therein some unnecessary allegations which may be deemed as surplusage. However, the State may have sustained such allegations by proof.

No error appearing from the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

With appellant's motion for rehearing a statement of facts has been filed and it appears, with the corrected filing date, that it is now properly before us for consideration.

Contention is made that the evidence is insufficient to sustain the conviction. Appellant operated a grocery store in the City of Stephenville, and had in stock various extracts including a vanilla extract which he is alleged to have sold for beverage purposes and is the subject of this prosecution.

A representative of the Liquor Control Board entered his place of business shortly before noon on the first day of September, 1945, and purchased two bottles of vanilla extract, under circumstances detailed by the witness as follows. He said he asked appellant first if he had any whisky, to which he replied that he didn't but said: "I have got some vanilla extract here thirty-eight per cent alcohol; you drink two bottles of that and it will stand you on your head, if you drink it." The price was fifty cents a bottle and the witness took two bottles. Thirty-five minutes later he went back and purchased two other bottles. The four bottles were introduced in evidence. When he approached appellant the second time a woman customer was standing near. Wilkinson reached under a counter and, handing him the bottles, said: "Slip these in your pocket," or "put these in your pocket." When the witness told him that he wanted them for a drink he said, "We are supposed to use these to make cakes with. Slip them in your pocket; don't want her to know what's going on." He was referring to the lady standing nearby.

A great deal of defensive testimony brings out the fact that appellant carried in stock other extracts, some imitations without alcoholic content, and others with a much greater alcoholic content than that which the witness purchased. It also discloses that all of the grocery stores of the city sold similar extracts. These facts are beside the issue and have no bearing on the guilt of appellant.

Appellant's store is located on the premises of a lumber yard, and adjacent to it. A deputy sheriff testified that he examined the premises within eighty feet, and as close as a very few feet of the grocery store, and gathered up six bushels of extract bottles which they brought into court in large baskets. He testified they brought about half of the pile of bottles they found there. There were no bakeries or other places making cake in that vicinity. He had never seen drunks going in and out of the store, but had seen them in back of it where it joins on to the lumber yard. He has taken them out of that place "time after time." It was his opinion, from smelling their breath, that they had been drinking vanilla extract.

The appellant testified saying that he had no recollection of the prosecuting witness coming in his place, and categorically denied each statement attributed to him by said witness.

This reviews the evidence of the case which we consider pertinent, and we are unable to say that the jury had no evidence upon which to base its verdict. It is not for us to say that the state's case was too weak to support the verdict. The question of law before us is whether there is sufficient evidence in the record to raise an issue for the jury's determination. We think that was done and the jury's verdict will not be disturbed.

The appellant's motion for rehearing is overruled and the judgment of the trial court is affirmed.

### SECOND MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed application for permission to file a second motion for rehearing, and has called to our attention decisions of this court to which we had given no consideration.

It appeared to the writer that the original opinion correctly disposed of the motion to quash the complaint and information. We still believe that such conclusion was sound. However, it appears that the decisions of this court in the past have been to the contrary, and the majority feel that they should not be departed from.

It was the purpose of the pleader to lodge the complaint under Section (10) of Article 666-15, Vernon's Ann. P. C., reading as follows:

"It shall be unlawful for any person to *knowingly* sell any of the products enumerated in paragraphs (1), (2), (3), and (4) *for beverage purposes* or to sell any of the same under circumstances from which he might reasonably deduce the intention of the purchaser to use them for such purposes." (Italics ours.)

The complaint and information substantially comply with the foregoing except that it has omitted the use of the word "knowingly." It occurred to the writer that if he sold the extracts described "for beverage purposes" that he would, of necessity, have to do so "knowingly", and that this allegation may be interpolated. This, we recognize, can be done only with great care and caution. Our court has held to the contrary in more than one case so far as this particular charge is concerned. We quote from Clark v. State, 12 S. W. (2d) at page 793, as follows:

"Where, in the statute, the word 'knowingly' is a constituent element of the offense, an indictment which omits the word 'knowingly' is faulty. We are referred by the appellant to the several authorities cited in the opinion of this court in Morris v. State, 93 Tex. Cr. R. 99, 245 S. W. 915. Our examination of them reveals the fact that they are each but illustrative of the requirement that the word 'knowingly,' when contained in the statute and constituted an element of the offense is not to be omitted from the indictment. In Stell's Case, 37 Tex. 440, the word 'knowingly' was contained in the statute and omitted from the indictment. The indictment was properly quashed. In Castle's Case, 23 Tex. App. 287, 4 S. W. 892, the prosecution was upon Article 813, P. C. 1879, in which 'knowingly' was an essential element of the offense and was omitted in the indictment. Simon's Case, 31 Tex. Cr. R. 203, 20 S. W. 399, 716, 37 Am. St. Rep. 802, was a prosecution for incest. The indictment was attacked because of the omission of the word 'knowingly.' "

In view of the foregoing authority, appellant's second motion for rehearing is granted. The affirmance of the case is now set aside and the judgment of the trial court is reversed and cause remanded.