**Edgar Allen PRICE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 50028.**

Court of Criminal Appeals of Texas.

June 18, 1975.

Peter D. Williamson, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Jack Bodiford, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of deadly assault on a peace officer. Punishment was assessed at 50 years.

Appellant contends that the indictment is fatally defective because it does not allege that the assault was committed "with intent to murder." We agree.

The record reflects that the offense was committed on October 6, 1973, and the indictment was presented March 25, 1974. The indictment charged appellant under V.T.C.A. Penal Code, Section 22.03 [1] which became effective January 1, 1974, and he should have been charged under Article 1160a, Vernon's Ann.P.C. [2] The missing element in the new Code which was required under the old Code is "with intent to murder."

Where a particular intent is a material fact in the description of the offense, it must be stated in the indictment. Bartlett v. State, 11 Tex.App. 500, 2 S.W. 829. Cf. Mears v. State, Tex.Cr.App., 520 S.W. 2d 380; Wilson v. State, Tex.Cr.App., 520 S.W.2d 377; Standley v. State, Tex.Cr. App., 517 S.W.2d 538; McCoy v. State, 132 Tex.Cr.R. 45, 102 S.W.2d 206.

The judgment is reversed and the prosecution ordered dismissed.

---

[1]. "(a) A person commits an offense if, with a firearm or a prohibited weapon, he intentionally or knowingly causes serious bodily injury to a peace officer in the lawful discharge of official duty where he knows or has been informed the person assaulted is a peace officer."

[2]. "A person who assaults a peace officer with intent to murder while said officer is in performance of his official duty, knowing that the person assaulted is a peace officer, is guilty of a felony. . . . "