Travis R. RAVEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 50227.

Court of Criminal Appeals of Texas.

Feb. 18, 1976.

Rehearing Denied March 17, 1976.

Les Procter, Austin, for appellant.

Robert O. Smith, Dist. Atty. and David A. Sheppard, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

On an indictment charging the felony offense of compelling prostitution,[1] appellant was convicted of the misdemeanor offense of engaging in prostitution.[2] Punish-

---

1. See V.T.C.A. Penal Code, Sec. 43.05(a)(2) which under the title "Compelling Prostitution" reads:
   "(a) A person commits an offense if he knowingly:
   " * * *
   "(2) causes by any means a person younger than 17 years to commit prostitution."

2. See V.T.C.A. Penal Code, Sec. 43.02(a)(1) which under the title "Prostitution" reads:
   "(a) A person commits an offense if he knowingly:
   "(1) offers to engage, agrees to engage, or engages in sexual conduct in return for a fee payable to the actor; or
   " . . . "

ment was assessed at a fine of two hundred dollars.

Appellant's sole ground of error reads: "The trial court committed reversible error by instructing the jury to consider the offense of engaging in prostitution because engaging in prostitution is not a lesser included offense of compelling prostitution."

The indictment charged that on or about February 6, 1974, in Travis County, appellant and another "did then and there knowingly cause M.T.L., a person under the age of seventeen (17) years, to commit prostitution . . . ."

Thus, the indictment charged a violation of V.T.C.A. Penal Code, Sec. 43.05(a)(2).

In its charge the court, after applying the law of the felony offense of compelling prostitution to the evidence, and telling the jury that it should find appellant guilty of said offense if it so found beyond a reasonable doubt, further instructed that "if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of compelling prostitution and proceed to consider whether the defendant is guilty of the lesser included offense of engaging in prostitution . . . ."

Appellant timely objected on the ground that engaging in prostitution "is not a lesser included offense of the charge laid in the indictment in this case, and same should be stricken from the court's charge." His objection was overruled.

Since a transcription of the court reporter's notes of the evidence is not included in the appellate record, the issue on appeal is strictly the legal issue of whether, under the applicable statutes and the indictment, engaging in prostitution as provided by V.T.C.A. Penal Code, Sec. 43.02(a)(1), supra, can be a lesser included offense of compelling prostitution as that offense is defined by V.T.C.A. Penal Code, Sec. 43.05(a)(2), supra.

Art. 37.09, V.A.C.C.P., reads:

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

"(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

"(4) it consists of an attempt to commit the offense charged or an otherwise included offense."

In *Day v. State*, Tex.Cr.App., 532 S.W.2d 302, opinion on original submission delivered July 16, 1975, in holding that the offense of criminal trespass, V.T.C.A. Penal Code, Sec. 30.05, is a lesser included offense of burglary, V.T.C.A. Penal Code, Sec. 30.02, under the provisions of Art. 37.09, supra, we demonstrated that each of the elements of criminal trespass "could be established by proof of the same facts necessary to prove the offense of burglary," and that, with such proof, the requirements of Art. 37.09(1), supra, would be satisfied. On rehearing, opinion delivered February 4, 1976, we reaffirmed that holding, and after a thorough review of the history of Art. 37.09 as it was amended in 1973 we said:

"The careful reader will observe that each definition in Art. 37.09 is stated with reference to 'the offense charged,' and moreover, each such definition specifically states the manner in which the lesser included offense differs from the offense charged. The enumerated variations in the statute do not enlarge upon the offense charged, but instead vary in a manner that either is restrictive or reduces culpability as compared to the offense charged . . . whether one offense bears such a relationship to the offense charged is an issue which must await a

case by case determination, both because the statute defines lesser included offenses in terms of the offense charged and because it defines lesser included offenses in terms of the facts of the case."

The elements of the offense of compelling prostitution as defined in Sec. 43.05(a)(2), supra, are (1) a person (2) knowingly (3) causes by any means (4) a person younger than 17 years (5) to commit prostitution. V.T.C.A. Penal Code, Sec. 43.01(2) provides that "'prostitution' means the offense defined in Section 43.02 of this code."

The elements of the offense of engaging in prostitution as defined in Sec. 43.02(a)(1), supra, are (1) a person (2) knowingly (3) offers or agrees to engage or engages in sexual conduct (4) in return for a fee payable to the actor.

"Sexual conduct" is defined by V.T.C.A. Penal Code, Sec. 43.01(4) as including "deviate sexual intercourse, sexual contact, and sexual intercourse."

V.T.C.A. Penal Code, Sec. 7.01, "Parties to Offenses," provides:

"(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

"(b) Each party to an offense may be charged with commission of the offense.

"(c) All traditional distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice."

Section 7.02 of the Code provides in part:

"Criminal Responsibility for Conduct of Another

"(a) A person is criminally responsible for an offense committed by the conduct of another if:

"* * *

"(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or . . ."

Applying Code Sections 7.01 and 7.02 to the offense of engaging in prostitution, Sec. 43.02(a)(1), supra, we find that all of the elements of said offense are included within the elements of the offense of compelling prostitution, Sec. 43.05(a)(2). Both offenses involve prostitution as that term is defined in Sec. 43.02(a)(1), supra. See Sec. 43.01(2), supra. In addition to the act of prostitution, the indictment, in line with Sec. 43.-05(a)(2), alleges the element of (1) causing (2) a person younger than 17 years of age to commit the offense. If the proof fails as to either causation or the age of the person, or both, the accused should be acquitted of the felony offense.

It is next to be considered whether the accused would be a party to the act of prostitution if the act of prostitution as defined by Sec. 43.02(a)(1) were proved but either or both of the above mentioned elements of causation and age were not. If the evidence established that the appellant acting with intent to promote or assist the commission of the offense solicited, encouraged, directed, aided or attempted to aid the female to commit the act of prostitution, he would be criminally responsible for the act of prostitution which she did commit. See Sec. 7.02(a)(2), supra. In such event, he would clearly be a party to the offense under the provisions of Sec. 7.01(a), supra.

We conclude that the offense of engaging in prostitution may be a lesser included offense of compelling prostitution.

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.