**Ex parte Trinidad Andrade GARCIA.**

No. 53482.

Court of Criminal Appeals of Texas.

Dec. 22, 1976.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

PHILLIPS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C. C.P.

Petitioner was convicted of the offense of carrying a handgun on premises licensed to sell alcoholic beverages in Criminal District Court No. 3 of Tarrant County on September 30, 1974. Punishment was assessed at 10 years imprisonment, and no appeal was perfected.

Petitioner filed his application for writ of habeas corpus alleging that the indictment in his case was fundamentally defective inasmuch as it failed to allege a necessary culpable mental state. The trial court entered Findings of Fact and Conclusions of Law recommending that the relief be granted.

Omitting the formal parts, the indictment alleges that on or about March 29, 1974, petitioner:

"did then and there carry on or about his person a handgun, on a premises licensed and issued a permit by the State of Texas for the sale and consumption of alcoholic beverages, namely: Roberts El Dorado Club, 3125 North Main Street, Fort Worth, Tarrant County, Texas."

V.T.C.A., Penal Code, Sec. 46.02, provides in pertinent part:

"(a) A person commits an offense if he *intentionally, knowingly,* or *recklessly* carries on or about his person a handgun . . . (Emphasis added.)

"(c) An offense under this section is a felony of the third degree if it occurs on any premises licensed or issued a permit by this state for the sale or service of alcoholic beverages."

The statute requires a culpable mental state be alleged and proved. See V.T.C.A., Penal Code, Sec. 6.02. The indictment in the case at bar fails to allege any culpable mental state, and is therefore fundamentally defective. See *Hazel v. State,* Tex.Cr. App., 534 S.W.2d 698; *Price v. State,* Tex. Cr.App., 523 S.W.2d 950; *Huggins v. State,* Tex.Cr.App., 544 S.W.2d 147 (decided De-

cember 8, 1976); and compare *Braxton v. State,* Tex.Cr.App., 528 S.W.2d 844.

▪ Furthermore, it is apparent that petitioner may challenge a fundamentally defective indictment by way of post-conviction application for writ of habeas corpus.

See *Standley v. State,* Tex.Cr.App., 517 S.W.2d 538; *Ex parte Jones,* Tex.Cr.App., 542 S.W.2d 179; *Huggins v. State,* supra.

For the reason stated, the relief is granted; the conviction is set aside and the indictment is ordered dismissed.