Lonnie AILEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 52177.

Court of Criminal Appeals of Texas.

March 9, 1977.

Thomas W. George and Terry L. Belt, Austin, for appellant.

Joe Carroll, Dist. Atty. and Bob D. Odom, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for compelling prostitution of a person under the age of seventeen years. See V.T.C.A., Penal Code, § 43.05(a)(2). Appellant's punishment was assessed by the jury at fifteen (15) years in the Department of Corrections and at a fine of $2,000.00.

Appellant's first contention is that the statute under which he was convicted is vague and uncertain, violating due process of law under the Fourteenth Amendment to the United States Constitution and Article I, § 19, of the State Constitution.

Prior to trial appellant filed a motion to set aside the indictment on the same grounds and it was overruled.

We need not reach the constitutionality of the statute involved as we determine that the indictment is fundamentally defective for failure to allege a culpable mental state.

V.T.C.A., Penal Code, § 43.05, reads as follows:

"(a) A person commits an offense if he *knowingly*:

"(1) causes another by force, threat, or fraud to commit prostitution; or

"(2) causes by any means a person younger than 17 years to commit prostitution.   .   .   ."   (Emphasis added.) [1]

In *Raven v. State*, 533 S.W.2d 773 (Tex. Cr.App.1976), it was noted that the elements of compelling prostitution as defined in said § 43.05(a)(2) are (1) a person (2) knowingly (3) causes by any means (4) a person younger than 17 years (5) to commit prostitution.

Omitting the formal parts, the indictment in the instant case alleged the appellant "on or about the 20th day of February, A.D., 1975, and before the presentment of this indictment, in the county and State aforesaid, did then and there cause C_____ L. Y_____, a person under the age of 17 years to commit prostitution   .   .   .   .."

The statute requires a culpable mental state be alleged and proved. See V.T.C.A., Penal Code, § 6.02. The indictment in the instant case fails to allege the culpable mental state of "knowingly," an essential element of the offense. The indictment is

therefore fundamentally defective. *Ex parte Garcia*, 544 S.W.2d 432 (Tex.Cr.App. 1976); *Hazel v. State*, 534 S.W.2d 698 (Tex. Cr.App.1976); *Price v. State*, 523 S.W.2d 950 (Tex.Cr.App.1975); *Huggins v. State*, 544 S.W.2d 147 (Tex.Cr.App.1976).[2]

Without comment we observe further the indictment fails to allege by what means the appellant compelled the prostitution alleged.

For the reason stated, the judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

The indictment alleges that appellant caused a named person under the age of seventeen to commit prostitution. No motion to quash the indictment on the ground relied upon by the majority for the dismissal of the prosecution was filed. The appellant knew what he was charged with and made no complaint that the indictment was defective. It is difficult to conceive how one could cause someone to commit prostitution without knowing it. V.T.C.A., Penal Code, Section 43.05(a)(2), provides that one is guilty if by any means he causes a person younger than seventeen years to commit prostitution.

Absent a motion to set aside or to quash the indictment, the prosecution should not be dismissed.

---

1. V.T.C.A., Penal Code, § 43.01(2), provides "prostitution" is the offense defined in V.T. C.A., Penal Code, § 43.02.

2. Article 21.03, Vernon's Ann.C.C.P., also requires everything necessary to be proven should be stated in the indictment.