Norman James ZACHERY, Appellant,

v.

The STATE of Texas, Appellee.

No. 55088.

Court of Criminal Appeals of Texas.

June 8, 1977.

Robert A. Scardino, Jr., Houston, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to the offense of attempted rape. Punishment was assessed at imprisonment for ten (10) years.

At the outset we are confronted with a fundamentally defective indictment which requires review as unassigned error "in the interest of justice" under Article 40.09, Sec. 13, Vernon's Ann.C.C.P.

V.T.C.A., Penal Code, Sec. 21.02, provides:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

"(b) The intercourse is without the female's consent under one or more of the following circumstances:

"(1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances;

"(2) he compels her to submit or participate by any threat, communicated by actions, words, or deeds, that would prevent resistance by a woman of ordinary resolution, under the same or similar circumstances, because of a reasonable fear of harm;

"(3) she has not consented and he knows she is unconscious or physically unable to resist;

"(4) he knows that as a result of mental disease or defect she is at the time of the intercourse incapable either of appraising the nature of the act or of resisting it;

"(5) she has not consented and he knows that she is unaware that sexual intercourse is occurring;

"(6) he knows that she submits or participates because she erroneously believes that he is her husband; or

"(7) he has intentionally impaired her power to appraise or control her conduct by administering any substance without her knowledge.

"(c) An offense under this section is a felony of the second degree."

V.T.C.A., Penal Code, Sec. 15.01, defines criminal attempt as follows:

"(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

"(b) If a person attempts an offense that may be aggravated, his conduct constitutes an attempt to commit the aggravated offense if an element that aggravates the offense accompanies the attempt.

"(c) It is no defense to prosecution for criminal attempt that the offense attempted was actually committed.

"(d) An offense under this section is one category lower than the offense attempted, and if the offense attempted is a felony of the third degree, the offense is a Class A misdemeanor."

V.T.C.A., Penal Code, Chapter 6, provides for culpability generally. Section 6.02 provides:

"(a) Except as provided in Subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

"(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

"(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility.

"(d) Culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

(1) intentional;

(2) knowing;

(3) reckless;

(4) criminal negligence.

"(e) Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged."

■ It is clear from a reading of the definition of the offense of rape in Section 21.02 that it does not itself prescribe a culpable mental state, but one is nevertheless required by Section 6.02 because Section 21.02 does not "plainly dispense with any mental element." See *Braxton v. State,* 528 S.W.2d 844 (Tex.Cr.App.1975).

■ The indictment in the instant case, omitting its formal parts, alleges that on or about April 4, 1975, appellant:

". . . did then and there unlawfully attempt by force and threats to have sexual intercourse without the consent of Melonee Randall, a female not his wife and hereafter styled the Complainant, by choking her and beating her with his hands . . . .."

The indictment fails to allege any culpable mental state as required by Section 6.02 and is therefore fundamentally defective. See *Ex parte Garcia,* 544 S.W.2d 432 (Tex. Cr.App.1976); *Hazel v. State,* 534 S.W.2d 698 (Tex.Cr.App.1976); *Tew v. State,* 551 S.W.2d 375 (Tex.Cr.App.1977); and compare *Price v. State,* 523 S.W.2d 950 (Tex.Cr. App.1975); *Huggins v. State,* 544 S.W.2d 147 (Tex.Cr.App.1976). See *Ailey v. State,* 547 S.W.2d 610 (Tex.Cr.App.1977). Moreover, we have held that an indictment which does not allege an offense against

the law is utterly insufficient and any conviction based thereon is void. *Ward v. State,* 520 S.W.2d 395, 397 (Tex.Cr.App. 1975), and cases there cited.

The judgment is reversed and the prosecution under the instant indictment is ordered dismissed.

DOUGLAS, J., dissents for the reasons set out in the dissenting opinion in *Bocanegra v. State,* 552 S.W.2d 130 (Tex.Cr.App. 1977), this day decided.