Edward Darrell CHANCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 56914.

Court of Criminal Appeals of Texas, En Banc.

Feb. 8, 1978.

Rehearing Denied April 5, 1978.

Don A. Hecker, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge, Asst. Dist. Atty., Houston, for the State.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated promotion of prostitution. Trial was before the court upon a plea of guilty and punishment was assessed at seven years.

■ At the outset, we are confronted with a fundamentally defective indictment which requires review as unassigned error "in the interest of justice" under Art. 40.09, Sec. 13, V.A.C.C.P. See *Zachery v. State,* Tex.Cr.App., 552 S.W.2d 136.

V.T.C.A., Penal Code, Sec. 43.04(a), "Aggravated Promotion of Prostitution," provides:

"A person commits an offense if he *knowingly* owns, invests in, finances, controls, supervises, or manages a prostitution enterprise that uses two or more prostitutes." [Emphasis supplied.]

The indictment, omitting its formal parts, alleges that on or about June 16, 1974, appellant:

"did then and there unlawfully control and supervise and manage a prostitution enterprise that uses two prostitutes in that the said Defendant did then and there manage a call-girl operation using two prostitutes, to wit Renee Suzette Clark and Charlotte Boatwright."

The definition of the offense set forth in Sec. 43.04(a), supra, prescribes the requisite mental state "knowingly."

■ The indictment, having failed to allege an essential element of the offense, the culpable mental state "knowingly," is fundamentally defective. *Huggins v. State,* Tex.Cr.App., 544 S.W.2d 147; *Ex parte Garcia,* Tex.Cr.App., 544 S.W.2d 432; *Price v. State,* Tex.Cr.App., 523 S.W.2d 950.

The judgment is reversed and the prosecution under the indictment is ordered dismissed.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

On original submission of this cause to Panel One for the First Quarter, 1978, the conviction for aggravated promotion of prostitution was set aside as the indictment was fundamentally defective for the failure to allege an essential element of the offense, to-wit, the culpable mental state "knowingly."

On rehearing the State asks our reconsideration of the question. This we shall do.

V.T.C.A., Penal Code, § 43.04, provides:

"(a) A person commits an offense if he *knowingly* owns, invests in, finances, con-

trols, supervises, or manages a prostitution enterprise that uses two or more prostitutes.

"(b) An offense under this section is a felony of the third degree." (Emphasis added.)

The elements of the offense are:

(1) a person

(2) *knowingly* owns, invests in, finances, controls, supervises, or manages

(3) a prostitution enterprise

(4) that uses two or more prostitutes. See Texas Anno. Penal Statutes with Forms, Branch's 3rd Ed., Vol. 3, § 43.04, p. 237.

V.T.C.A., Penal Code, § 6.02 (Requirement of Culpability), provides:

"(a) Except as provided in Subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

"(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

"(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility.

"(d) Culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

"(1) intentional;

"(2) knowing;

"(3) reckless;

"(4) criminal negligence.

"(e) Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged."

It is clear from Subsection (b) of said § 6.02 that if the definition of an offense does not prescribe a culpable mental state one is nevertheless required unless the definition of the offense plainly dispenses with any mental element. See *Baldwin v. State,*

538 S.W.2d 109 (Tex.Cr.App.1976). An observation of the offense provided under § 43.04 of the new Penal Code clearly shows that "knowingly" is the necessary culpable mental state contained in the very definition of the offense of aggravated promotion of prostitution and a necessary element of the offense.

The indictment in the instant case provided, eliminating the formal parts, that the appellant, on or about June 16, 1974,

"did then and there unlawfully control and supervise and manage a prostitution enterprise that uses two prostitutes in that the said Defendant did then and there manage a call-girl operation using two prostitutes, to wit: Renee Suzette Clark and Charlotte Boatwright."

It is clear that the indictment did not allege the constituent element of "knowingly" as provided in the definition of aggravated promotion of prostitution.

Article 21.03, V.A.C.C.P., provides:

"Everything should be stated in an indictment which is necessary to be proved."

■■■ This statute states an elementary rule of criminal pleading of long standing. It has been said that the legislature cannot authorize the courts to dispense with essential allegations. *Hewitt v. State,* 25 Tex. 722 (1860); *Huntsman v. State,* 12 Tex.App. 619 (1882). An indictment or information must by direct and positive averments allege all of the constituent elements of the offense sought to be charged. *Waghalter v. State,* 126 Tex.Cr.R. 89, 70 S.W.2d 420 (1934); *Gremillion v. State,* 131 Tex.Cr.R. 492, 100 S.W.2d 106 (1936); *Anderson v. State,* 132 Tex.Cr.R. 37, 105 S.W.2d 258 (1936). Nothing must be left to inference or intendment. *Selvidge v. State,* 126 Tex. Cr.R. 489, 72 S.W.2d 1079 (1934). In fact, the sufficiency of the indictment cannot be aided by intendment. *Jones v. State,* 118 Tex.Cr.R. 106, 38 S.W.2d 587 (1931). In *Wimer v. State,* 120 Tex.Cr.R. 576, 48 S.W.2d 296 (1932), it was held that all elements constituting an offense must be sufficiently charged so as to inform, without

intendment, the presumptively innocent man of the charges against him.

In *Woolsey v. State,* 14 Tex.App. 57 (1883), a question arose concerning the absence of the word "willful" in the indictment. There the court wrote:

"   .   .   As will be seen by reference to the article quoted [Art. 270, Penal Code] supra, the word 'wilfully' is the word used to characterize the acts intended to be prohibited by statute. It is made an essential element of the crime, and unless it is alleged the indictment does not charge the offense defined, even though it avers, as does the one before us, in general terms that the acts complained of were 'contrary to the form of the statute in such cases made and provided.' Such an allegation does not supply the deficiency in the description."

Only recently in *Ailey v. State,* 547 S.W.2d 610 (Tex.Cr.App.1977), we were confronted with a similar situation as in the case at bar. There the indictment charging the compelling of prostitution of a person under the age of seventeen years under V.T.C.A., Penal Code, § 43.05, failed to allege "knowingly" a necessary element of that offense. In *Ailey* we concluded that the indictment was fundamentally defective. In effect we held that an allegation that the offense was committed "knowingly" is necessary when "knowingly" is a constituent element of the crime. That holding is consistent with the one reached on original submission. See also *Wilkinson v. State,* 150 Tex.Cr.R. 274, 200 S.W.2d 631 (1946), and cases there cited.

The State in its motion for rehearing calls attention to Article 21.17, V.A.C.C.P., which provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; *it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words.*" (Emphasis added.)

The State relies upon the underscored portion of the statute. The State argues that the offense charged could only be "unlawful" if done "knowingly," apparently relying upon an allegation of "unlawfully" in the indictment.

"If the word 'knowingly' is a constituent element of the offense, the word 'unlawfully' is not its equivalent. *State v. Stalls,* 37 Tex. 440; *State v. Arnold,* 39 Tex. 74; *Tynes v. State,* 17 [Tex.] App. [123] 126; *Ham v. State,* 118 Crim. [Tex. Cr.R.] 271, 40 S.W.2d 152." 1 Branch's Ann.P.C., 2d ed., § 520, p. 499. See and cf. *Woolsey v. State,* supra.

The State's contention is without merit.

■ Of course, it is not necessary to use the exact language of the statute defining the offense charged, but by its very terms Article 21.17, supra, requires that the substituted words must convey the same meaning or include the sense of the statutory word. This is a general rule of common sense, but it has some limitations. As noted in the Annotations under Article 21.17, supra, n. # 1.

"But if the statutory words be words of technical meaning, they cannot be substituted by other words, as 'malice aforethought' in murder, or 'fraudulently' in theft. *Drummond v. State* (1847) 2 T. [Tex.] 156; *McElroy v. State* (1883) 14 Cr.R. [Tex.App.] 235; *Cravey v. State* (1896) 36 [Tex.] Cr.R. 90, 35 S.W, 658, 61 Am.St.Rep. 833; *Chance v. State* (1889) 27 [Tex.App.] Cr.R. 441, 11 S.W. 457."

V.T.C.A., Penal Code, § 6.03 (Definitions of Culpable Mental States), provides in Subsection (b):

"A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result."

■ Thus, the culpable mental state of "knowingly" is expressly defined and has acquired a technical meaning for the purposes of the Penal Code not equivalent to the word "knowingly" found in the ordi-

nary dictionary. Thus, words equivalent to the common everyday usage of "knowingly" would not be equivalent to the technical definition of the term found in the Penal Code.

We conclude as we did on original submission that the indictment in the instant case is fundamentally defective for failing to allege a constituent element of the offense charged, that is the culpable mental state of "knowingly." See *Ailey v. State,* supra; *Huggins v. State,* 544 S.W.2d 147 (Tex.Cr.App.1976); *Ex parte Garcia,* 544 S.W.2d 432 (Tex.Cr.App.1976); *Hazel v. State,* 534 S.W.2d 698 (Tex.Cr.App.1976); *Price v. State,* 523 S.W.2d 950 (Tex.Cr.App. 1975). See also *Wilkinson v. State,* supra, and cases there cited.

The State's motion for rehearing is overruled.

DOUGLAS, Judge, dissenting on State's motion for rehearing.

Can a man control, supervise and manage a prostitution enterprise and a call girl operation that uses two prostitutes without knowing it? If he can, then the indictment is insufficient and the majority is correct in denying the motion for leave to file the State's motion for rehearing.

Even though appellant entered a plea of guilty and there was no motion to quash the indictment and no complaint on appeal, the panel deciding this cause on original submission held that the failure to allege the word "knowingly" before the allegation that he controlled, managed and supervised the prostitution enterprise was fundamentally defective.

Article 21.17, V.A.C.C.P., provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; *it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words.*" (Emphasis supplied)

V.T.C.A., Penal Code, Section 43.04(a), provides:

"A person commits an offense if he knowingly owns, invests in, finances, controls, supervises, or manages a prostitution enterprise that uses two or more prostitutes."

The charging part of the indictment alleged that appellant

"did then and there unlawfully control and supervise and manage a prostitution enterprise that uses two prostitutes in that the said Defendant did then and there manage a call-girl operation using two prostitutes, to-wit, Renee Suzette Clark and Charlotte Boatwright."

There could be some reason to consider the indictment as being insufficient for not alleging knowingly if it alleged that one owned, invested in or financed a house where there was prostitution. One might own, invest in or finance a motel and not know that a prostitution enterprise was being conducted on the premises.

The majority in discussing Article 21.17, supra, which provides that the exact words in a statute do not have to be used in alleging an offense, gives the unsound and illogical reasoning in failing to follow the statute that the word "knowingly" has a technical meaning but not the meaning as used or found in the ordinary dictionary.

It is submitted that no amount of judicial embroidery or legalistic mumbo jumbo can change the definition of "knowingly" or make it a technical word.

It is even conceivable that the legendary not too bright piano player in a bordello might not have known what was going on upstairs, but it is inconceivable that one can control, supervise a prostitution enterprise and manage a call girl operation using two prostitutes and not know what was going on.

In *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978), this Court held that the allegation of "attempt" included "intent." The words supervise, control and manage include knowingly. One cannot supervise, control and manage any business without knowing that he is doing it. The exact words of the statute were not alleged in *Dovalina.* We should follow the same reasoning in this case.

The indictment is not defective. It uses "other words conveying the same meaning, or which include the sense of statutory words" under Article 21.17, supra. The State's motion for rehearing should be granted, and the judgment should be affirmed.

VOLLERS and W. C. DAVIS, JJ., join in this dissent.