**John Michael ARDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 55248.

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 25, 1978.

Ray A. Bass, III, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and R. P. Cornelius, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated promotion of prostitution. V.T.C.A. Penal Code, Sec. 43.04. The jury assessed punishment at two years and a $5,000 fine.

We are initially confronted with a fundamentally defective indictment which requires review as unassigned error "in the interest of justice." Art. 40.09, Sec. 13, V.A.C.C.P. See *Zachery v. State,* 552 S.W.2d 136 (Tex.Cr.App.1977).

The indictment in the instant case, omitting its formal parts, alleges that on or about August 29, 1975, the appellant:

"did then and there unlawfully own and invest in and finance and control and supervise and manage a prostitution enterprise that uses two prostitutes in that the said John Michael Arden did then and there manage a call-girl operation using two prostitutes, to wit: Jeanine Young Washburn and Marilyn Miller Cannon."

V.T.C.A. Penal Code, Sec. 43.04(a), "Aggravated promotion of prostitution," reads:

"A person commits an offense if he *knowingly* owns, invests in, finances, controls, supervises, or manages a prostitution enterprise that uses two or more prostitutes." [Emphasis added.]

The indictment in the instant case is substantially the same as the indictment found fundamentally defective in the recent case of *Chance v. State,* 563 S.W.2d 812 (Tex.Cr.App.1978). As in *Chance,* the indictment herein failed to allege an essential element of the offense, the culpable mental state "knowingly," and is fundamentally defective. *Chance v. State,* supra.

The judgment is reversed and the prosecution under the indictment is ordered dismissed.

VOLLERS, Judge, concurring.

While I still find it exceedingly difficult to understand how a person can "manage" a prostitution enterprise that uses two prostitutes without doing it "knowingly" (see dissent, *Chance v. State*, 563 S.W.2d 812 (Tex.Cr.App.1978)), I also realize that a majority of this Court has held to the contrary. *Chance v. State*, supra. Since I am bound by a determination of the majority, no matter how misguided, I must vote to concur in the result reached in this case. I concur.

DOUGLAS, J., joins in this concurring opinion.