**Jack Stanley SCHWEIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61872.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 10, 1979.

---

1. See V.T.C.A. Penal Code, § 32.21(b) and (a)(1)(B).

2. See Article 21.17, V.A.C.C.P.

E. X. Martin, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Ronald D. Hinds and Michael P. Patterson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

## OPINION

DOUGLAS, Judge.

This is an appeal from a revocation of probation. The original conviction was for aggravated promotion of prostitution. Appellant pled guilty pursuant to a plea bargain agreement. No appeal was taken.

We are initially confronted with a fundamentally defective indictment in the original cause which requires review as unassigned error "in the interest of justice." Article 40.09, Section 13, V.A.C.C.P. See *Zachary v. State*, 552 S.W.2d 136 (Tex.Cr. App.1977).

The indictment alleges that on or about December 23, 1976, Schwein did "then and there manage and control a prostitution enterprise that uses two prostitutes, to-wit: Shirley Jean Collinsworth and Ennen Elaine Jones." There is no allegation that appellant did so "knowingly."

This writer still believes it is impossible to manage and control a prostitution enter-prise without knowing it. See *Chance v. State*, 563 S.W.2d 812 (Tex.Cr.App.1978), dissenting opinion on State's motion for rehearing. But the majority of this Court has held to the contrary. *Chance v. State*, supra.

Because the indictment does not support the conviction, the order revoking probation is reversed and the prosecution is ordered dismissed.